ELIZABETH KAUFFMAN

*v.*

JONATHAN PEACOCK *et al.*

*Filed at Ottawa November 14, 1885.*

1. DOWER—*inchoate right—of its nature, and how terminated—surplus after sale on foreclosure.* The inchoate right of dower does not become property, or anything more than an expectancy, at any time before it is consummated by the husband's death. And if real estate of which her husband was seized, is sold under a deed of trust in which the wife unites with her husband and releases her dower, the surplus proceeds of the sale, after satisfying the debt secured, becomes the personal property of the husband, and her inchoate right of dower in the property is terminated.

2. And any surplus arising from the sale, left after paying the mortgage debt, becoming the personal property of the husband, if living, is liable, as such, to be taken by his creditors the same as personal property acquired by him from any other source.

3. SAME—*section 5 of the Dower act.* The statute (section 5 of the Dower act,) giving the wife of a mortgagor the right of dower in the surplus arising from a sale, only when the sale is made after the death of the mortgagor or husband, would seem, by implication, to exclude her right of dower in the surplus when the sale is in the lifetime of the husband.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. J. M. BAILEY, Judge, presiding.

Mr. A. D. EARLY, and Mr. H. W. TAYLOR, for the appellant:

Dower is favored in law. *Sisk* v. *Smith,* 1 Gilm. 510; 1 Story's Eq. Jur. secs. 626-629; *In re Cipperly,* 44 Barb. 370.

Inchoate dower is an estate, and the wife can protect it in a court of equity. *Buzick* v. *Buzick,* 44 Iowa, 259; *Huzleman* v. *Hazlett,* 55 id. 256; *Conover* v. *Porter,* 13 Ohio St. 45; *Huston* v. *Seeley,* 27 Iowa, 197.

It is such an interest in land as to give the wife the right to redeem. *Adams* v. *Beel,* 19 Iowa, 61; *Davis* v. *Witherell,* 13 Allen, 66.

The wife can maintain a bill to remove a cloud from her inchoate right of dower. *Madigan* v. *Walsh*, 22 Wis. 478; *Weston* v. *Weston*, 36 id. 134.

Dower can only be released by the death or voluntary act or *laches* of the wife or widow. *Atkins* v. *Merrill*, 39 Ill. 75; *Gore* v. *Cather*, 23 id. 541; *Ex parte McElwain*, 29 id. 442.

The release of dower in a mortgage is in favor of the mortgagee and his privies, and no others. The release is only to the extent of the mortgage debt. *Blair* v. *Harrison*, 11 Ill. 384; *Smith* v. *Eustis*, 7 Me. 43; *French* v. *Crosby*, 16 id. 503; *Peabody* v. *Patten*, 2 Pick. 520; *Ridgeway* v. *Mosting*, 23 Ohio St. 296; *Ketchum* v. *Shaw*, 28 id. 506.

In joining the husband in the execution of the mortgage, appellant released her contingent right of dower for the single and limited purpose of securing the payment of her husband's mortgage debt, retaining her right of dower in the surplus land, or, if all the land should be sold under the mortgage, in the surplus proceeds of the land, such surplus proceeds standing for the surplus land, by virtue of the doctrine of equitable conversion. *McArthur* v. *Franklin*, 15 Ohio St. 493; *Denton* v. *Nanny*, 8 Barb. 618; *Matthews* v. *Duryea*, 45 id. 69; *Hawley* v. *Bradford*, 9 Paige, 200; *Bank of Ohio* v. *Hunt*, 21 Ohio St. 509; *Maloney* v. *Horan*, 49 N. Y. 116; *Jacques et ux.* v. *Ennis*, 25 N. J. Eq. 402; *Wheeler* v. *Kirtland*, 27 id. 534; *Vreeland* v. *Jacobus*, 19 id. 231; *De Wolf* v. *James*, 11 R. I. 630; 1 Scribner on Dower, 478, 481, secs. 26-30; Tyler on Infancy and Coverture, sec. 395.

The wife of a living husband has such an interest in the surplus money arising from the sale of lands of the husband as equity will protect from the claims of the husband's creditors. *Vartie* v. *Underwood*, 18 Barb. 564; *Denton* v. *Nanny*, 8 id. 618; *Mills* v. *Van Voorhies*, 20 N. Y. 420; *Maloney* v. *Horan*, 49 id. 116; *Vreeland* v. *Jacobus*, 19 N. J. Eq. 231; *Wheeler* v. *Kirtland*, 27 id. 534; *De Wolf* v. *Murphy*, 11 R. I. 630; *Unger* v. *Leister*, 32 Ohio St. 210.

Mr. N. C. WARNER, Mr. J. C. GARVER, Mr. R. F. CRAWFORD, Mr. C. M. BRAZEE, and Mr. C. A. WORKS, for the appellees:

The sale being made during the life of the husband, the surplus became personal property of the husband. *Cook & Sargent* v. *Dillon*, 9 Iowa, 412; *Dean* v. *Phillips*, 17 Ind. 409; *Wright* v. *Rose*, 2 Sim. & Stu. 323; *Newhall* v. *Lynn Savings Bank*, 101 Mass. 428; Jones on Mortgages, secs. 1695, 1684; *Bell* v. *Mayor*, 10 Paige, 54; 1 Scribner on Dower, 480.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Elizabeth Kauffman, against Jonathan Peacock and others, creditors of August Kauffman, her husband, for the purpose of securing dower rights in a certain fund which was in the hands of one James Ferguson, who had received the money on the sale of certain premises under a trust deed, which had been executed by August Kauffman and the complainant, his wife, to secure a debt of $3100 due Julius C. Fitch.

The facts, as they appear from the bill, are substantially as follows: On the 5th day of November, 1878, August Kauffman executed and delivered to Julius C. Fitch his note for $3100, payable three years after date, with interest at the rate of ten per cent, payable semi-annually. The note was secured by a trust deed executed by Kauffman and his wife, the complainant, on certain premises in Rockford. On the 22d day of September, 1884, Kauffman, being then involved and unable to pay his debts, left the country, and has not been heard of since that time. Attachments were sued out by appellee and other creditors, and levied upon Kauffman's equity of redemption in the premises embraced in the trust deed. In the meantime, default having been made in the payment of the principal and interest named in the trust deed, the trustee advertised and sold the property. After the payment of the debt, interest and costs, which amounted to

$3596, there remained in the hands of the trustee a surplus arising from the sale, of $3820.06. This sum was at once garnisheed by appellees, creditors of Kauffman, and the complainant, wife of August Kauffman, for the purpose of securing her supposed interest in the fund, filed this her bill in equity.

The complainant, in her bill, sets out the foregoing facts in detail, and prays that one-third of said surplus money arising from the sale of the mortgaged premises be set apart, and invested, under the order and direction of the court, for the benefit of the complainant, and after the death of Kauffman, the actual value of her dower or the income from the third of the fund be paid over to her. The defendants demurred to the bill, which was sustained by the court, and an order entered dismissing the bill. On appeal to the Appellate Court the judgment was affirmed.

On behalf of appellant it is contended, that by joining her husband in the execution of the deed of trust under which the property was sold and the surplus arose, she only released her inchoate right of dower to the mortgagee, and as the attaching creditors do not claim under the mortgage, she is entitled to be protected in her inchoate dower rights as against them. On the other hand, it is claimed by appellees that where a wife unites with her husband in the execution of a mortgage or deed of trust releasing her inchoate right of dower, and a sale occurs under such mortgage or deed of trust during the lifetime of the husband, the surplus money arising from such sale becomes personal property payable to the husband, and the wife has no interest whatever in it.

The question presented is not entirely free from difficulty. It is one upon which the authorities are not entirely harmonious. Where there has been marriage, seizin, and the death of the husband, the right of dower is complete, and may then be enforced; but where there has been marriage and seizin, and death of the husband has not occurred, an inchoate right

of dower only exists. In this case it is clear that appellant had an inchoate right of dower in the equity of redemption of the premises, of which she could not have been deprived by any creditor of her husband if she had paid off the deed of trust; but this she failed to do, and suffered the land to be sold under the deed of trust, and converted into money. Under such circumstances, has she any dower rights in the surplus money arising from the sale? Jones, in his work on Mortgages, in discussing this question, says: "In some cases the courts have gone so far as to protect the inchoate interest of the wife, during coverture, in the surplus arising from a mortgage sale, by permitting her, as against judgment creditors, to have one-third of the residue invested for her benefit, and kept invested during the joint lives of herself and her husband, and the interest paid to her during her own life in case of her surviving her husband. But it would seem doubtful whether a court of equity, in the exercise of its ordinary jurisdiction, has the power to enforce such a doctrine, and the weight of authority is against allowing the wife any such right against her husband's creditors." 2 Jones on Mortgages, (2d ed.) sec. 1694. In *Cook & Sargent* v. *Dillon,* 9 Iowa, 412, in a case somewhat analogous, the court held that surplus money in the hands of a trustee, after satisfying the deed of trust, was the personal property of the mortgagor, liable to be seized in payment of his debts. The same doctrine was announced in *Dean* v. *Phelps,* 17 Ind. 409, and in *Newhall* v. *Lynn Savings Bank,* 101 Mass. 432.

The appellant has cited *Denton* v. *Nanny,* 8 Barb. 614, as a leading authority sustaining her view of the case. The decision sustains the position of appellant, and the doctrine announced was approved in *Vartee* v. *Underwood,* 18 Barb. 564. The appellant also relies upon *Vreeland* v. *Jacobus,* 19 N. J. Eq. 231, *Wheeler* v. *Kirklan,* 27 id. 534, *DeWolf* v. *Murphy,* 11 R. I. 630, and *Unger* v. *Luster,* 32 Ohio St. 210. We are not inclined to follow the rule laid down in the cases

found in Barbour's Reports. The court in which the cases were decided was one of learning and ability, but it was not a court of last resort. The other cases cited and relied upon seem to sustain appellant's position, but we do not think they are in harmony with the current of authority on the subject. Cooley on Constitutional Limitations, (10th ed.) says: "The inchoate right of dower does not become property, or anything more than a mere expectancy, at any time before it is consummated by the husband's death. In neither curtesy nor dower does marriage alone give a vested right. It gives only a capacity to acquire a right." Here, the husband of appellant was living, and whether the inchoate right of dower would ever become more than a mere expectancy would depend upon the fact,—which might never occur,—that she would survive him, and we think it would be against sound public policy to tie up a fund in the hands of trustees to abide such an uncertain contingency as that relied upon by complainant in her bill. Again, the complainant executed the deed of trust and relinquished all her dower rights, and contracted that the property might be sold and converted into money. It is true, if she had paid off the mortgage, in the event that she survived her husband, she would be entitled to dower in the property; but the effect of her deed was that the real property in which she might be entitled to dower, might be converted into personal property, and when thus converted her inchoate dower rights would terminate.

In our judgment, the surplus money arising from the sale, in the hands of the trustee, was personal assets which belonged to complainant's husband, upon which she had no claim whatever, and, as such, it was liable to be reached by the creditors of August Kauffman in like manner as personal property which he had acquired from any other source. Land articled to be sold and turned into money is reputed money. (2 Story's Eq. sec. 1212.) By executing the mortgage and permitting the lands to be sold, appellant consented that the real estate

should lose its character as such, and assume the character of personal property, and when it assumed this new character it would be controlled and governed by the laws in relation to personal and not real property. In the Indiana case, *supra,* it is said: "We do not perceive how Bennett's wife had any interest in the residue of the money after paying the mortgage debt. She executed the mortgage with her husband; otherwise, had she survived him, she might have been entitled to one-third of the land. But the premises have been sold upon the mortgage to which she was a party. Her right to or contingent interest in the land was gone. The excess of money arising from the sale clearly all belonged to Bennett, and not to his wife, hence it might properly be applied to the payment of his debts." In the case cited in 101 Mass., the court held that the wife of the owner of an estate subject to a mortgage valid against her, has no rights, as against her husband or his assignee in bankruptcy, in the proceeds of a sale of the estate made by the mortgagee for breach of condition, and under a power in the mortgage deed.

There is another consideration which, in our judgment, gives strength to the view we have adopted in this case. Sections 3, 4 and 5 of our statute entitled "Dower," confer upon a widow the right to surplus money arising from the sale of mortgaged premises in certain specified cases. The sections are as follows:

"Sec. 3. Where a person seized of an estate of inheritance in land shall have executed a mortgage of such estate before marriage, the surviving husband or wife of such person shall, nevertheless, be entitled to dower out of the lands mortgaged, as against every person except the mortgagee and those claiming under him.

"Sec. 4. Where a husband or wife shall purchase lands during coverture, and shall mortgage such lands to secure the payment of the purchase money thereof, the surviving husband or wife shall not be entitled to dower in such lands

as against the mortgagee or those claiming under him, although she or he shall not have united in such mortgage, but shall be entitled to dower as against all other persons.

"Sec. 5. When, in either of the cases specified in the two preceding sections, the mortgagee or those claiming under him shall, after the death of such husband or wife, cause the land mortgaged to be sold, either under a power contained in the mortgage or by virtue of the judgment or decree of a court, and any surplus shall remain after the payment of the moneys due on such mortgage and the costs and charges of sale, such survivor shall be entitled to the interest or income of one-third part of such surplus, for life, as dower."

Dower, in this State, is a common law right, but it has been recognized and extended by the statute, and where the legislature has legislated in regard to a widow's rights in surplus money arising from the sale of mortgaged premises, we may properly look to the statute as affording some guide, at least, as to a proper decision of a question like the one before us. It will be observed that the right of a wife to share in a surplus, in the two cases specified, is expressly confined to a sale arising after the death of the husband. Is it not a fair construction to be placed upon section 5 to hold that inasmuch as one particular case is specified in which there may be a dower right in a surplus fund, all others are, by implication, excluded. This would seem to be a reasonable construction of the statute.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*