CONSTANTINE MALAER *et al.*

*v.*

ALEXANDER HUDGENS.

*Filed at Mt. Vernon October 31, 1889.*

1. APPEALS—*whether a freehold is involved—as affecting the right of appeal directly from the trial court.* A freehold is not involved, within the meaning of the statute giving an appeal directly from the trial court to this court, where the litigation may, on certain contingencies, result in the loss of a freehold, but which will not necessarily have that effect, or when the freehold may be directly affected by the judgment or decree unless payment is made or some act done to arrest the sale of the land, as, discharging a lien thereon for the payment of money. In order that there should be a right of immediate appeal to or writ of error from this court, the title to the freehold must be directly put in issue.

2. A freehold is involved, within the sense of the constitution and statute, only in cases where either the necessary result of the judgment or decree is, that one party gains and the other loses a freehold estate, or when the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue.

3. In a suit for partition, the decree settled the rights of the parties, from which no appeal was taken, and ordered a sale of the property. A sale was made and reported, together with the fact that the purchaser refused to pay his bid. Subsequently, the court ordered the master to sell the land for the costs, which was done, the sale reported and approved, and a deed made to the purchaser. The complainant being dissatisfied with the proceedings subsequent to the first sale, sued out a writ of error from this court to the trial court, assigning for error such subsequent proceedings: *Held,* that no freehold was involved, and therefore this court had no jurisdiction.

4. SAME—*freehold—as having been involved—but not arising on the appeal.* Although a freehold may have been involved in the suit, and in the decree therein rendered, yet, if no objection is taken to that part of the decree relating to the freehold, an appeal from or writ of error that brings up another part of the same decree, having no relation to the question of freehold, will not lie to bring the record directly from the trial court to the Supreme Court.

WRIT OF ERROR to the Circuit Court of Johnson county; the Hon. OLIVER A. HARKER, Judge, presiding.

15—130 ILL.

Messrs. CLEMENS & WARDER, for the plaintiffs in error.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Alexander Hudgens filed his bill in the Johnson circuit court, against the plaintiffs in error, Constantine Malaer and Mahala Springs, asking the partition of certain real estate. At the December term, 1878, of the court, plaintiffs in error were defaulted, and a decree *pro confesso* entered. The court found that defendant in error was the owner in fee of an undivided eight-tenths of the lands, and that each of the plaintiffs in error was the owner in fee of an undivided one-tenth of said lands, and decreed partition, and appointed commissioners to make the same. The commissioners reported, showing the lands were not susceptible of division, and placing values upon the several tracts, which amounted, in the aggregate, to $1400. At the same term of the court this report was approved, and the lands decreed to be sold, and the terms of the sale, as fixed by the court, required that ten per cent of the purchase money should be paid in cash and the residue in twelve months, the deferred payment to be secured by note, with personal security, and a mortgage on the premises.

At the November term, 1879, the master in chancery reported that he had struck off said lands on January 27, 1879, to Alexander Hudgens, for $933.33⅓, but said Hudgens had failed to comply with the terms of the sale. The court thereupon ordered the master to re-sell the same. On March 23, 1881, a written notice, signed by the master, was served on Hudgens, that unless he made good his bid on or before the first day of the April term of the court, 1881, he, the master, would make application to have the lands re-sold. At said April term an order was entered, reciting such notice, and ordering the master to re-advertise and sell, as provided in the decree of 1878, and ordering that all additional expenses and costs occasioned by the default of Hudgens should be taxed to him.

At the April term, 1882, an order was made, reciting the sale to Hudgens for $933.33⅓, his failure to comply with the terms of sale, and that he had been notified, in writing, more than ten days before the first day of the term, to comply with said terms of sale, and ordering, adjudging and decreeing that said lands be sold by the master in chancery "to satisfy the costs." At the November term, 1883, of the court, the master reported, that in pursuance of the decree rendered at the April term, 1882, he had, on the 10th day of July, 1883, struck off and sold the whole of said lands to C. N. Damron, subject to the right of redemption, for $35, that being the amount of costs. An order was entered on November 22, 1883, approving this report, and the cause was continued for final report. At the November term, 1884, the master reported he had, in pursuance of the decree rendered at the April term, 1882, executed and delivered, on the 15th day of November, 1884, to C. N. Damron, in default of redemption, a deed of conveyance for all of said lands, and an order was made approving such report.

This writ of error was sued out of this court on the 14th day of November, 1888, and by it the record was brought directly from the circuit court to this court.

The assignments of error are as follows: "First, the decree of the court below, at its April term, 1882, for the sale of the lands described, for the costs of the suit, was a nullity, and void; second, the court below erred in its order at the November term, 1883, approving the master's report of sale of the lands in question under the void order of the court at the April term, 1882; third, the court below erred in its order at the November term, A. D. 1884, approving the master's report of the deed to C. N. Damron under the sale based upon the void decree of sale at the April term, 1882; fourth, the court below erred in not setting aside the sale of the master in chancery reported at the November term, A. D. 1883, of said court; fifth, the court below erred at its November term, A. D. 1884,

in failing to cancel at that time the master's sale of said lands, when called to act upon the master's report of a deed to C. N. Damron;—by reason whereof the plaintiffs in error pray that the decree of the court below, at its April term, A. D. 1882, be declared null and void, and the action of said court thereafter, at its November term, 1883, and at its November term, 1884, confirming and approving of the action of the master thereunder, be reversed," etc.

There is no doubt a freehold was involved in the partition suit, and in the decree rendered at the December term, 1878, of the circuit court, but no error is assigned which claims that decree was erroneous, or challenges the fact that the rights, titles and interests of the parties were as therein determined. The sole objects of the present writ and of the assignments of error are to call in question the validity of the decree of the April term, 1882, for the sale of the lands "to satisfy the costs," and of the order made at the November term, 1883, approving the master's report of the sale of the premises, and of the order made at the November term, 1884, approving the master's report of the execution of a deed based on such sale. The rule is, that although a freehold may have been involved in the suit, and in the decree therein rendered, yet if no objection is taken to that part of the decree relating to the freehold, an appeal from or writ of error that brings up another part of the same decree, having no relation to the question of freehold, will not lie to bring the record directly from the circuit to the Supreme Court. *Cheney et al.* v. *Teese et al.* 113 Ill. 444; *Walker* v. *Pritchard et al.* 121 id. 221.

A freehold is not involved, within the meaning of the statute giving an appeal directly to or writ of error directly from this court from or to the trial court, where the litigation may, on certain contingencies, result in the loss of a freehold, but which will not necessarily have that effect, or where the freehold may be directly affected by the judgment or decree unless payment is made, or some act done to arrest the sale of the

land, or discharge a lien thereon for the payment of money. In order there should be a right of immediate appeal to or writ of error from this court the title to the freehold must be directly put in issue. (*Chicago, Burlington and Quincy Railroad Co.* v. *Watson,* 105 Ill. 217.) A freehold is involved, within the sense and contemplation of the constitution and the statute, only in cases where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. *Sanford* v. *Kane,* 127 Ill. 591.

The court, in decreeing, in April, 1882, that the lands should be sold for the payment of the costs that had accrued in the cause, and in subsequently approving of the reports of the master, did not adjudicate upon any issue formed to try the title to the freehold, nor was it the necessary result of the decree and sale that either party either gained or lost a freehold estate. In fact, leaving out of consideration the partition decree of 1878, which is not brought here by this writ for review, there was in the proceedings in the cause no place or room for a contention between the parties to the suit in regard to the title to the freehold. If any contention in respect to the freehold has arisen as the result of the decree of 1882 and subsequent orders, it is not between plaintiffs in error and defendant in error, but between them jointly and a third party, the purchaser at the master's sale, and that contention was not at issue or determined in this cause, and such purchaser is not a party to this record, or brought before us, as a *terre tenant* or otherwise.

The writ of error herein should have been sued out of the Appellate Court. For want of jurisdiction in this court to review the decree and orders brought here by this writ, and pass upon the errors assigned, the writ is dismissed.

*Writ of error dismissed.*