CHARLES B. PROUTY *et al.*

*v.*

WILLIAM L. MOSS *et al.*

*Opinion filed December 20, 1900.*

1. APPEALS AND ERRORS—*when appeal lies to Appellate Court though freehold was involved in original proceeding.* If a freehold was involved in the original proceeding but is not involved in the points assigned for error, appeal lies to the Appellate and not the Supreme Court.

2. SAME—*rule stated as to when freehold is involved.* A freehold is involved, within the meaning of the constitution and the statute, where the necessary result of the judgment is that one party gains and the other loses a freehold estate, or when the title is so put in issue by the pleadings that the determination of the case necessarily requires a decision of such issue.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. C. G. NEELEY, Judge, presiding.

Plaintiffs in error prosecute this writ of error to reverse the judgment of the circuit court of Cook county sustaining demurrers to a bill filed by them to revive an original bill in that court. The original bill, whereby John S. Newhouse sought to have a trust declared in his favor in certain real estate in Cook county, the title and possession of which were in his wife, Sylvia D. Newhouse, was filed February 9, 1882. An answer thereto was filed on March 10, 1882, by the wife. No other proceedings in the matter were had up to the time of the death of the original complainant, on May 8, 1882. No suggestion of the death of the complainant appears of record, but on the records of the circuit court appears an order dated July 10, 1883, dismissing the cause at the cost of the complainant. The present bill of revivor is filed by Charles B. Prouty, administrator with the will annexed of the estate of John S. Newhouse, and Hattie E. Swift, as heir of the devisee named in the will of the original complainant, against William L. Moss, executor and trustee under the will of Sylvia D. Newhouse, the original de-

fendant, (she having died in December, 1890,) and others claiming some interest in the premises in controversy through and under her.

The present bill, after setting up the facts as above briefly stated, concludes with the following prayer: "That the order made in this cause on the 10th day of July, 1883, be declared void and of no effect, and that said suit may stand revived and be in the same state and condition as the same was at the time of the death of the said John S. Newhouse, and that your orator and oratrix may have such other and further relief in the premises as may seem meet."

This case is brought directly to this court from the circuit court, and a reversal is asked of the judgment of that court sustaining demurrers to the bill. The defendants in error have filed a motion to dismiss the writ of error on the ground, among other reasons, that no freehold is involved in the case at bar.

JAMES SMITH, for plaintiffs in error.

HENRY M. BACON, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It has been held by this court that a freehold is involved, within the sense of the constitution and statute, only in cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or when the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue; (*Malaer* v. *Hudgens*, 130 Ill. 225; *Sanford* v. *Kane*, 127 id. 591;) and where a freehold is involved in the original decree but not in the points assigned for error, the appeal should be to the Appellate Court and not to this court. (*Franklin* v. *Loan and Investment Co.* 152 Ill. 345, and cases cited; *Fields* v. *Coker*, 161 id. 186; *Fread* v. *Fread*, 165 id. 228; *Rhodes* v. *Rhodes*, 172 id. 187.) It may be conceded that a freehold

was involved in the original proceeding brought by John S. Newhouse, but that a freehold is involved in the present writ of error does not appear. If the judgment of the circuit court be affirmed, the only effect will be to estop the plaintiffs in error from further prosecuting the present bill, but leaving them to pursue any other remedies they may have. If the judgment of the lower court be reversed, the only action this court could take would be to remand the cause to that court with instructions to revive the original suit. Then the cause might proceed to a decree on the merits of the contention as to the ownership of the freehold, from which an appeal would lie to this court direct, but in the present status of this cause this court cannot enter into a discussion of the merits of the original contention. No such relief is prayed for in the present bill, nor could this court grant it if it was, on the error assigned.

This writ of error should have been prosecuted to the Appellate Court, and the motion of the defendants in error here will be allowed and the writ of error dismissed.

*Writ dismissed.*