A. W. RHOTEN

*v.*

ANDREW BAKER *et al.*

*Opinion filed December 18, 1901.*

APPEALS AND ERRORS—*when freehold is not involved on appeal.* A freehold is not involved, within the meaning of the statute, in an appeal from an order of court dismissing a bill to compel parties assessed for benefits for the opening of a road to pay the same to the parties entitled thereto, to compel the latter to accept the same, to restrain all such parties from interfering with the opening of the road, and to make the amounts assessed against land owners for benefits liens upon their respective tracts of land and have the lands sold to pay the same.

APPEAL from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

TILTON & CUNDIFF, for appellant.

O. M. JONES, and KEESLAR & ACTON, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The circuit court sustained appellees' demurrer to appellant's bill of complaint and dismissed the bill, and this appeal was taken directly to this court from the decree. Appellees have moved this court to dismiss the appeal on the ground that no freehold is involved and that the appeal should have been taken to the Appellate Court. The only question involved in the motion is whether or not a freehold is involved.

The bill sets up proceedings laying out a road for private and public use sixteen feet wide, connecting land

of the complainant with a public road and passing over intervening tracts of land. It shows that both damages and benefits were assessed to the owners of such intervening lands, and that a final order laying out such road was made by the three supervisors on appeal, and filed with the town clerk. The bill alleged that the benefits assessed were not sufficient to pay the damages assessed, and that the commissioners of highways demanded from the complainant, who was the petitioner for the road, the benefits which had been assessed, and that he tendered to the commissioners the amount which had been assessed to him but that the commissioners refused to accept the same, and that he then tendered the same to the property owners damaged, in amounts proportionate to their judgments, and that they also refused to accept the same; that those assessed for benefits refused to pay, but have combined and confederated with those in whose favor damages were assessed, and with others, to injure, defraud and oppress the complainant by preventing the payment of such damages, in order to obstruct the opening of the road and to deprive the complainant of his remedy in the premises. The prayer is that those assessed for benefits, or the owners over whose lands the road is laid out, should be compelled to pay the amount of such benefits to the parties entitled thereto, and that the parties so entitled should be required to accept the same, and that all of such parties (naming them) be restrained from interfering with the opening of the road by the commissioners of highways; also, that the amount so assessed against such land owners for benefits be made a lien upon their respective tracts of land, and that said lands be sold to pay the same, and for general relief. The commissioners of highways were not made parties.

Whatever the merits of the bill may be, it is clear no freehold is involved and that the appeal should not have been taken to this court. No question appears to have been raised as to the validity or regularity of the pro-

ceedings to lay out the road, but only as to appellant's remedy to compel payment of the benefits assessed to certain land owners. If a decree were entered as prayed, declaring such adjudged benefits to be a lien on the land and ordering a sale of such lands in default of payment, such a decree would no more involve a freehold than a decree foreclosing a mortgage or any other lien. Although a freehold may have been involved in the proceedings to lay out the road, yet this appeal does not bring up the question at issue in those proceedings, but only a collateral question. What we said in *Malaer* v. *Hudgens*, 130 Ill. 225, is applicable to this case (p. 228): "A freehold is not involved, within the meaning of the statute giving an appeal directly to or writ of error directly from this court, from or to the trial court, where the litigation may, on certain contingencies, result in the loss of a freehold but which will not necessarily have that effect, or where the freehold may be directly affected by the judgment or decree unless payment is made or some act done to arrest the sale of the land or discharge a lien thereon for the payment of money. In order there should be a right of immediate appeal to or writ of error from this court the title to the freehold must be directly put in issue. (*Chicago, Burlington and Quincy Railroad Co.* v. *Watson*, 105 Ill. 217.) A freehold is involved, within the sense and contemplation of the constitution and the statute, only in cases where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue.—*Sanford* v. *Kane*, 127 Ill. 591."

The appeal was improperly taken directly to this court, and must be dismissed.         *Appeal dismissed.*