CHARLES G. HUTCHINSON

*v.*

CHARLES A. SPOEHR *et al.*

*Opinion filed April 17, 1906.*

1. APPEALS AND ERRORS—*when an appeal from partition decree should go to Appellate Court.* An appeal from a partition decree should be taken to the Appellate Court where the only question involved is whether the decree was correct in holding the interest of one of the co-tenants to be subject to an inchoate right of dower in favor of his wife and to the lien of a decree entered in suit brought by her against him for separate maintenance.

2. SAME—*finding that an inchoate right of dower exists is not a finding as to a freehold.* Dower is a freehold estate when the right vests by the husband's death, but as long as it remains a mere inchoate right it is not a freehold, and a finding that such right exists is not a finding as to a freehold.

APPEAL from the Superior Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

JAMES MAHER, and CHARLES W. ESPEY, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellee Charles A. Spoehr.

FRED A. BANGS, for appellee Jennie C. Hutchinson.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Charles A. Spoehr, one of the appellees, filed his bill in the superior court of Cook county for partition of a vacant piece of land in the city of Chicago, making the appellees Douglas W. Hutchinson, Mary J. Hutchinson and Jennie C. Hutchinson, and the appellant, Charles G. Hutchinson, defendants. The bill was answered by all the defendants and replications to the answers were filed. The issues were referred to a master in chancery and the cause was heard on exceptions to his report, and a decree was entered finding

that the appellant,, Charles G. Hutchinson, and the appellee Charles A. Spoehr, were tenants in common in fee of said real estate, each owning an undivided one-half thereof, and that the share of appellant was subject to an inchoate right of dower of the appellee Jennie C. Hutchinson, as his wife, and also subject to the lien of a decree entered in the circuit court of Cook county in a suit brought by her against him for separate maintenance. The decree directed a partition and division of the premises by commissioners in accordance with said findings. From that decree appellant prayed an appeal to this court, which was allowed, and the appeal was perfected.

The assignment of errors contains twenty-three specifications of errors alleged to have been committed by the superior court, and the general language in some of them might be regarded as broad enough to include the finding as to the ownership of the fee; but none of them directly question that finding, and counsel for appellant, in their statement of the errors relied upon for a reversal of the decree, say that no question is raised as to the legal title of the premises or the correctness of the decree in its finding as to such title. They say that the only questions for the consideration of this court are whether the superior court erred in finding that the share of appellant was subject to an inchoate right of dower of Jennie C. Hutchinson and subject to the lien of the decree entered in the suit for separate maintenance, and that the case is brought here for the purpose of reversing the decree of the superior court in those respects. Regardless of the statement of counsel and the express waiver of all other questions, they are the only questions that could be raised, for the reason that they were the only ones presented to the superior court by the exceptions of appellant to the master's report, wherein he alleged that the evidence showed the title to be as found by the decree, and excepted to the findings as to the inchoate right of dower and the lien of the decree in the separate maintenance suit.

Where the subject of a suit in partition is a freehold estate, as it was in this case, a freehold is always involved in the suit. (*Bangs* v. *Brown,* 110 Ill. 96; *Wilson* v. *Dresser,* 152 id. 387; *Schwartz* v. *Ritter,* 186 id. 209.) But the fact that a freehold has been involved in a suit does not determine the question of jurisdiction on appeal. Where a freehold is involved in the original decree but not in the questions to be determined on the appeal, this court has no jurisdiction and the appeal must be taken to the Appellate Court. (*Walker* v. *Pritchard,* 121 Ill. 221; *Fread* v. *Fread,* 165 id. 228; *Tormohlen* v. *Walter,* 175 id. 442; *Prouty* v. *Moss,* 188 id. 84.) If an appeal in a partition suit involves a decision as to a freehold the appeal must be taken to this court; but the appeal may involve other questions than a freehold, such as an accounting between tenants in common or liens upon the shares of the parties, and if the appeal relates only to such questions and not to the ownership of the freehold, the appeal should be taken to the Appellate Court. *Malaer* v. *Hudgens,* 130 Ill. 225; *Fields* v. *Coker,* 161 id. 186.

The question whether there was a lien on appellant's share of the real estate created by the decree in the separate maintenance suit does not involve a freehold, and an inchoate right of dower is not property or a vested right but is a mere contingent expectancy. (*Kauffman* v. *Peacock,* 115 Ill. 212; *Kusch* v. *Kusch,* 143 id. 353; *Virgin* v. *Virgin,* 189 id. 144.) When the right becomes vested by the husband's death the dower is a freehold estate, but as long as it remains a mere inchoate right it is not a freehold, and the finding that the right exists is not a finding as to a freehold.

The appeal in this case does not involve a freehold, and there being no other ground of jurisdiction, the appeal is dismissed.          *Appeal dismissed.*