JOHN D. MILLER

*v.*

BELINDA KENSIL *et al.*

*Opinion filed October 23, 1906.*

1. APPEALS AND ERRORS—*when a freehold is not involved.* A freehold is not involved on appeal from a decree in partition where appellant does not question the decree as respects its determination of the title and interests of the parties, but only urges a question of practice,—that the court improperly struck his plea in abatement from the files.

2. SAME—*a freehold must be involved in questions to be determined on appeal.* To give the Supreme Court jurisdiction upon the ground that a freehold is involved, the freehold must not only have been involved in the suit, but must also be involved in the questions to be determined upon the appeal.

3. SAME—*questions not urged in brief and argument are waived.* Questions raised in the assignment of errors involving a freehold are waived if they are not insisted upon in the brief and argument.

APPEAL from the Circuit Court of Shelby county; the Hon. TRUMAN E. AMES, Judge, presiding.

This is a bill for partition, filed in the circuit court of Shelby county on May 23, 1905, by Belinda Kensil and others against John D. Miller and others, for the partition of a farm of about 480 acres in that county.

One John Middlesworth died in 1862, intestate, leaving a widow, Katherine Middlesworth, and ten children. The widow was the third wife of deceased, five of the children having been born to her, one to the second wife and four to the first wife. In 1863 the land left by John Middlesworth was divided in a partition proceeding, among the ten children, after setting off to the widow, as dower, certain premises, which constitute those sought to be partitioned in the case at bar. During the lifetime of the widow one of the children, Charles A. Middlesworth, conveyed his interest as remainder-man in the premises forming the dower allotment, to George D. Chaffee, and he to John D. Miller, appellant herein. Several of the children of John Middlesworth have died since 1863 leaving heirs, and Katherine Middlesworth, widow of John, died in April, 1905. On June 20, 1903, said John D. Miller filed his bill for the partition of the premises set off as dower to said Katherine Middlesworth, subject to her life interest therein. The bill was amended several times, one of the amendments making as an additional defendant the Toledo, St. Louis and Western Railroad Company, which appears to have a right of way across a part of the premises sought to be partitioned. Summons was issued to said railroad company June 7, 1905. On May 23, 1905, the widow, Katherine, having departed this life, all of the heirs having an interest in the premises forming her dower allotment joined as complainants in a bill for partition, naming John D. Miller, together with the tenants of the farm, and the railroad company, as defendants. Service was had on all defendants. On June 14, 1905, John D. Miller filed a plea in abatement, alleging his former suit. On motion of complainant the court struck said plea from the files. Thereupon said Miller filed his answer to the bill, set-

ting up *lis pendens;* replication filed, proofs taken, decree of partition entered; commissioners appointed, who report land not susceptible of division without manifest prejudice; report approved by court and decree of sale entered July 1, 1905, from which decree of sale defendant below, John D. Miller, appeals to this court.

CHAFEE & CHEW, for appellant.

RICHARDSON & WHITAKER, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant does not claim that the court below did not correctly find his interest in the property or decree to him his proper share in the proceeds of sale. His argument is, in effect, that the partition proceeding was improperly instituted and prosecuted to a decree of sale because another proceeding was pending for the partition of the same property. He insists that the court erred in striking from the files his plea in abatement setting up the pendency of the former suit.

Even if appellant in his assignment of errors raised questions that involve a freehold he does not insist upon such questions in his brief and argument, hence they must be deemed waived. (*Rhodes* v. *Rhodes,* 172 Ill. 187.) Without doubt a freehold was involved in the partition suit, but counsel do not claim that the decree is erroneous on account of "the fact that the rights, titles and interests of the parties were as therein determined. * * * The rule is, that although a freehold may have been involved in the suit, and in the decree therein rendered, yet if no objection is taken to that part of the decree relating to the freehold, an appeal from or writ of error that brings up another part of the same decree having no relation to the question of freehold will not lie to bring the record directly from the circuit to the Supreme Court." (*Malaer* v. *Hudgens,* 130 Ill. 225; *Moore* v. *Williams,* 132 id. 591.) Appellant only urges a question of practice,—that the court improperly struck his plea in

abatement from the files. When such questions only are raised the appeal should be taken to the Appellate Court. (*Fread* v. *Fread,* 165 Ill. 228.) The fact that a freehold has been involved in a suit does not determine the question of jurisdiction upon appeal. The freehold must not only be involved in the original decree but also in the questions to be determined on the appeal, in order that this court may have jurisdiction. *Hutchinson* v. *Spoehr,* 221 Ill. 312; *Prouty* v. *Moss,* 188 id. 84; *In re Estate of Ross,* 220 id. 142; *Douglas Park Building Ass.* v. *Roberts,* 218 id. 454; *Franklin* v. *Loan and Investment Co.* 152 id. 345.

The question of another suit pending and as to whether the plea in abatement made upon that ground was properly stricken from the files is solely one of practice and does not involve a freehold. The appeal must therefore be dismissed for want of jurisdiction.        *Appeal dismissed.*