THE EVANGELICAL ASSOCIATION, Appellant, *vs.* JOHN
MEYER *et al.* Appellees.

*Opinion filed December 17, 1907.*

APPEALS AND ERRORS—*when a freehold is not involved on appeal.* An appeal from a decree making distribution of money coming into a trustee's hands from the sale of real estate under the. provisions of a will and pursuant to other decrees to which the parties litigant had consented does not involve a freehold, where the only question raised is whether the decree has distributed the proceeds of the sale in accordance with the provisions of the will.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

This is an appeal by the Evangelical Association, by William Horn, bishop, from the decree of the superior court of Cook county construing the last will and testament of one Elizabeth Meyer, deceased, who died on May 26, 1900.

On October 5, 1903, the executor named in the will having departed this life, Aaron C. Wendell was appointed trustee by the said court to carry out the provisions of the said will, in accordance with the prayer of a bill filed by said Wendell, as administrator *de bonis non* with the will annexed, and by the Evangelical Association, a legatee under said will. To that bill John Meyer, one of the appellees, the husband of the deceased, and the remaining legatees and devisees and heirs of Elizabeth Meyer, were made parties defendant. The trustee entered upon the per-

formance of his duties, and thereafter filed petitions in the same proceeding asking that the court direct him to sell the real estate of the deceased in accordance with the terms of the will.   Meyer answered these petitions, consenting that the real estate be sold, and asking that the value of his interests therein be fixed and paid to him from the proceeds of sale.   Under decrees rendered upon those petitions the trustee sold all the said real property in accordance with the terms of said will, and paid all the legacies and bequests made by the will except the bequest to John Meyer and the bequest to the Evangelical Association.   For the purpose of obtaining a decree fixing the amount payable to each of the last named legatees, the trustee on April 9, 1907, filed a petition in said court in the original proceeding to construe the said will, the fourth, fifth and sixth clauses of which read as follows:

"*Fourth*—I desire that the executor hereinafter named shall pay to Heinrich Lehman, of Downers Grove, Illinois, for a certain note signed by me, the sum of two hundred and eighty ($280) dollars, which having been borrowed for the sole use and benefit of my husband, John Meyer, said sum shall be taken out of the part which is to go to my husband, John Meyer, with accrued interest thereon.

"*Fifth*—I desire that the executor hereinafter named shall for a term of six (6) years after my death collect all rents from the real estate which I die possessed of, and out of said rents collected he shall pay the above mentioned debts, expenses, bequests, taxes, insurance, repairs on buildings, interest on the encumbrance on the real estate and commissions for the extension of time for the payment of said encumbrance.   Out of the balance, if any remaining, of the rents collected, he shall pay to my husband the sum of fifteen ($15) dollars per month.

"*Sixth*—I desire that the executor hereinafter named shall, after a term of six (6) years after my death, or as soon thereafter as possible, sell all my real and personal

property. Out of the proceeds therefrom, after deducting all expenses and reasonable fees for the executor, my husband, John Meyer, shall receive that portion which the law allows him, and no more, the balance to go and belong to the Evangelical Association, to be sent by the executor to the bishop of said Evangelical Association at Cleveland, Ohio."

To the last mentioned petition, which sets out the actions of the trustee in carrying out the provisions of said will, and avers, among other things, that John Meyer had not filed in the probate court of said county a renunciation of the provisions of said will, an answer was filed by appellees admitting all of the allegations therein and joining in the prayer for a construction of the will.

Upon a hearing the court entered a decree, which finds, in substance, as follows: That clause 6 of said will gives and bequeaths to John Meyer all that the law would have allowed him, as the husband of said. Elizabeth Meyer, if no will had been made by her and she had died intestate; that in addition thereto said John Meyer is entitled, under clause 5 of said will, to any balance, if any there was, at the rate of $15 per month, from the rents collected out of the real estate belonging to the said Elizabeth Meyer, after making deduction for the various expenses enumerated in said clause 5 of said will; that it was stipulated by the parties, in open court, that Elizabeth Meyer died leaving no children and that John Meyer is her lawful husband; that the property owned and occupied by her in the city of Chicago at the time of her death was used by deceased and her husband as a homestead, and that following her death he continued to reside in the same.

The decree further finds that said John Meyer is entitled to the proceeds of one-half of the real estate belonging to said Elizabeth Meyer at the time of her death, to the value of dower in the remaining half and to the value of the homestead heretofore occupied by said John Meyer,

both to be computed on the basis of his present age, and to any balance of rents, not to exceed $15 per month, under clause 5 of the will; that it was stipulated by the parties, in open court, that there was no balance of rent left to go to John Meyer under clause 5 of the will, and that under the will as construed by the court, after deducting the expenses and charges of the trustee, the said John Meyer is entitled to $350.20, the value of his homestead; to one-half interest in the proceeds from the sale of the real estate under the laws of descent, amounting to $2647.47; to his dower in the proceeds of the other half of the real estate, amounting to $440.45; that the total amount due the said John Meyer, as computed above, is $3438.12, from which there shall be deducted the sum of $393.40 paid to Lehman under the direction of the will, making a net balance to be paid by the trustee to said Meyer of the sum of $3044.72, and that the money to be paid to the Evangelical Association amounts to $2177.12. It is then decreed that the trustee make payments accordingly.

From this decree the Evangelical Association appeals directly to this court, and contends that the superior court erred in directing the payment of any money whatever to John Meyer, and in not decreeing the payment of all the money in the hands of the trustee to the appellant.

WALTER J. MILLER, for appellant.

ELIJAH N. ZOLINE, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The basis upon which the jurisdiction of this court is invoked by a direct appeal from the superior court is that a freehold is involved. We have frequently held that a freehold is involved only in cases where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title is so

put in issue that the decision of the case necessarily determines who is the owner of the freehold. In this case all the real estate owned by the deceased has been converted into cash, pursuant to decrees to which the parties to this litigation consented, and those decrees are not questioned here. This appeal is from a decree making distribution of money. The title to the freehold has passed to the purchaser and is in no manner questioned, and will not be affected by any decree that could be entered upon the petition filed herein for a construction of the will. It may be that earlier proceedings in the suit did involve a freehold, but no assignment of error questions any of the orders or decrees made by the court relating thereto, and an appeal directly to this court will not lie where the appeal brings up only another decree in the same proceeding, which decree has no relation to the question of freehold. (*Malaer* v. *Hudgens,* 130 Ill. 225; *Moore* v. *Williams,* 132 id. 591.) In *Nevitt* v. *Woodburn,* 175 Ill. 376, we held that a devise of real estate to a trustee, to be by him sold and the proceeds to be distributed among the legatees, is a bequest of personalty and not a devise of real estate, and that a bill to compel the trustee to account for trust funds arising from the sale of the lands does not involve a freehold. On principle the case at bar cannot be distinguished from the one last cited.

The cause will therefore be transferred to the Appellate Court for the First District, and the clerk of this court will transmit to the clerk of said Appellate Court the transcript and all files in this cause, together with a certified copy of the order transferring the cause to that court.

*Cause transferred.*