(No. 15793.—Cause transferred.)

BRUCE D. SMITH, Plaintiff in Error, *vs.* PAULINE M. JOHN-
SON *et al.* Defendants in Error.

*Opinion filed June 17, 1924.*

APPEALS AND ERRORS—*when freehold is not involved in petition
to re-open divorce decree.* The dismissal of a petition to re-open
a decree of divorce for the purpose of modifying a trust agree-
ment as to alimony does not involve a freehold where the order
is entered solely upon the ground that the court has no jurisdiction
to consider the matters alleged in the petition, and the decision
being as to a matter of practice, the Supreme Court has no juris-
diction of a direct appeal or writ of error but the question of law
involved should be reviewed by the Appellate Court.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. GEORGE FRED RUSH, Judge, presiding.

SIMS, WELCH, GODMAN & STRANSKY, (FRANKLIN J.
STRANSKY, of counsel,) for plaintiff in error.

SCOTT, BANCROFT, MARTIN & MACLEISH, and WIL-
SON, MCILVAINE, HALE & TEMPLETON, (FRANK H. SCOTT,
JOHN E. MACLEISH, WILLIAM B. MCILVAINE, and CRANS-
TON C. SPRAY, of counsel,) for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error Pauline M. Smith, (now Johnson,)
in June, 1920, filed in the circuit court of Cook county her
bill for divorce from plaintiff in error. On the same day
the latter answered, and a replication was filed. On hear-
ing, the court on that day entered a decree dissolving the
bonds of matrimony existing between the parties but re-
served jurisdiction for the purpose of fixing alimony. On
the next day a supplemental decree was entered, in which
it was set out that full provision for alimony had been made .

313—2

out of court, and the final decree entered on the previous day was discharged so far as it concerned the question of alimony. Plaintiff in error on April 11, 1922, filed a supplemental petition and cross-bill seeking to re-open the decree so far as the matter of alimony was involved, setting out that the settlement of alimony was made by means of a certain trust agreement executed on June 3, 1920; that under the terms thereof plaintiff in error conveyed certain real and personal property to Solomon A. Smith and others in trust for the payment of a certain yearly income to Pauline M. Smith (now Johnson) during her life, and to execute certain other provisions for the support of the children and for the ultimate disposition of the *corpus* of the trust. The petition charged a conspiracy to deprive plaintiff in error of the property, and that the trust agreement was procured by duress and was unconscionable, illegal and void. It also set out the re-marriage of Pauline M. Smith, (now Johnson,) and that by reason thereof the court should modify the trust agreement as provided by the statute. Mismanagement of the trustees was also charged in the supplemental petition. The prayer of the petition sought determination of the trust and an accounting by the trustees, or a modification so as to terminate the interest of Pauline M. Johnson therein and the removal of the trustees. Pauline M. Johnson moved the court to strike the supplemental petition and cross-bill from the files, and a similar motion was made by certain of the trustees. The chancellor entered an order finding that he had no jurisdiction to consider the matters alleged in the petition or grant the relief prayed and struck the petition from the files. The plaintiff in error has sued out a writ of error from this court to review the order of the chancellor.

Defendants in error have filed a motion to dismiss the writ of error for lack of jurisdiction. Plaintiff in error has filed suggestions in opposition to that motion, and further, as an alternative, to transfer the cause to the Appel-

late Court. Defendants in error reply to the latter suggestion of plaintiff in error, that under the rule in *Mason* v. *Browner,* 303 Ill. 511, the cause should not be transferred to the Appellate Court, for the reason that court does not have jurisdiction to review the decree of the circuit court.

We come first to the matter of the jurisdiction of this court. The only ground upon which it is contended that this court has jurisdiction of the case is that a freehold is involved. In the supplemental petition and cross-bill plaintiff in error sought a reconveyance of real and personal property. His bill, however, was not an original bill but a supplemental petition seeking modification of the original decree for divorce. It is based upon the ground that the trust agreement constituted alimony within. the meaning of section 18 of the Divorce act. On motion of defendants in error the court struck the pleadings from the files. The effect of this order was not to pass upon a question of freehold but was that the petition did not confer jurisdiction, the court being of the opinion that the decree was not subject to being re-opened on this petition. The court did not pass upon the merits of the petition or the petitioner's claim to a freehold. The chancellor evidently was of the view that without regard to what other remedy the petitioner might have, he had not proceeded in the right manner by filing a supplemental petition. The point decided, therefore, was one of practice and did not decide the right to a freehold. It is well settled that this court has no jurisdiction on direct appeal or writ of error to review errors or practice in the circuit court. *Miller* v. *Kensil,* 223 Ill. 201; *Prouty* v. *Moss,* 188 id. 84; *Fread* v. *Fread,* 165 id. 228.

In *Prouty* v. *Moss,* *supra,* a bill was filed to have a trust declared in real estate, and the same had been dismissed after the death of the complainant. A bill of review was filed and the circuit court sustained a demurrer thereto. A writ of error was sued out of this court to review the decree of the circuit court. It was there said:

"That a freehold is involved in the present writ of error does not appear. If the judgment of the circuit court be affirmed, the only effect will be to estop the plaintiffs in error from further prosecuting the present bill but leaving them to pursue any other remedies they may have. If the judgment of the lower court be reversed, the only action this court could take would be to remand the cause to that court with instructions to revive the original suit. Then the cause might proceed to a decree on the merits of the contention as to the ownership of the freehold, from which an appeal would lie to this court direct, but in the present status of this cause this court cannot enter into a discussion of the merits of the original contention." It is evident that this court does not have jurisdiction on writ of error to review the order of the circuit court in this case.

With the contention of defendants in error, however, that the Appellate Court does not have jurisdiction of this case we cannot agree. As we have seen, the decision of the circuit court involved a question of practice,—that is, whether or not the decree was subject to being opened up by reason of the supplemental petition filed in this case. Whether the supplemental petition conferred jurisdiction is a matter which the Appellate Court has jurisdiction to pass upon. That question is one of law, and it is abhorrent to all rules of equity procedure that there should be no method of review of a question of that character.

We are of the opinion that the Appellate Court has jurisdiction to pass upon questions raised on this record, and the cause is therefore transferred to the Appellate Court for the First District.

*Cause transferred.*