(No. 24907.—
ANDREW BEDNARCZYK, Appellee, *vs.* ROZALIA KUDLA *et al.*
—(MATILDA YOELIN, Admx., Appellant.)

*Opinion filed December 20, 1938.*

ESTELLE M. WELLS, for appellant.

WILLIAM M. ZIPPERMAN, (MAURICE L. LEWIS, and
IRVING S. ABRAMS, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

Andrew Bednarczyk filed his bill in the circuit court of
Cook county on November 5, 1936, to foreclose the lien
of a trust deed executed in 1923 by John and Rozalia
Kudla (the former since deceased) and for the appoint-
ment of a receiver for the property. Matilda Yoelin, indi-
vidually and as administratrix of the estate of Michael
Gorski, was made a party defendant. The trial court en-
tered a decree ordering the sale of the property, from which
decree an appeal was taken directly to this court.

In the circuit court, Matilda Yoelin claimed a prior
judgment lien on the property and contested the foreclosure
suit by alleging that the plaintiff's remedy was barred by
the Statute of Limitations, that the trust deed was a fraudu-

lent conveyance to evade the claims of creditors, and that plaintiff filed the foreclosure suit in collusion with Rozalia Kudla, the owner of the equity of redemption, to forestall appointment of a receiver for the same property in another suit already pending. The master found these defenses were not sustained by the evidence. He further reported that the judgment against John Kudla in favor of Michael Gorski, deceased, represented here by Matilda Yoelin, did not impair the lien of the plaintiff, who was found to be a *bona fide* purchaser of the outstanding notes and trust deed. The report of the master was approved by the trial court.

On this appeal, to secure a reversal of the decree of foreclosure and sale, Matilda Yoelin alleges a number of errors which, if sustained, would give the estate of Michael Gorski a lien on the property prior to that of the plaintiff, Andrew Bednarczyk, but a decision on this issue would not vest either party with a freehold in the property. Nor will the alleged fact that the trust deed does not embrace all the property which the plaintiff seeks to have placed in receivership affect any right of freehold in appellant, individually or as the administratrix of the estate of Michael Gorski. Judgment creditors and lienors generally, have only the right to compel a sale of the debtor's property for the satisfaction of their claims; they are vested with no legal title to such property. Since no freehold is involved, and no other reason is offered to sustain the jurisdiction of this court, the cause will be transferred to the Appellate Court for the First District. *Chicago, Burlington and Quincy Railroad Co.* v. *Watson,* 105 Ill. 217; *Metropolitan Life Ins. Co.* v. *Rubin,* 367 id. 636.

*Cause transferred.*