(No. 25125.—)
ANDREW BEDNARCZYK, Appellee, *vs.* ROZALIA KUDLA *et al.* —(MATILDA YOELIN, Admx., Appellant.) ·

*Opinion filed June 19, 1939.*

ESTELLE M. WELLS, for appellant.

WILLIAM M. ZIPPERMAN, (MAURICE L. LEWIS, and IRVING S. ABRAMS, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Andrew Bednarczyk, appellee, filed a complaint in the circuit court of Cook county to foreclose the lien of a trust deed of real estate executed on March 24, 1923, by John Kudla and Rozalia Kudla, his wife. Matilda Yoelin, individually and as the administratrix of the estate of Michael Gorski, was made a party defendant. A direct appeal was perfected to this court from a decree of foreclosure and sale, but for lack of jurisdiction we transferred the cause to the Appellate Court for the First District, where it is still pending. *Bednarczyk* v. *Kudla,* 370 Ill. 204.

The appeal was not made a *supersedeas,* and so the master in chancery advertised and sold the premises in accordance with the terms of the decree for $5350. On September 22, 1938, counsel for plaintiff presented to the court the master's report of sale and distribution and asked that it be approved. Matilda Yoelin, administratrix, filed exceptions to the report which were overruled, and she has appealed again to this court, on the assumption that a freehold is involved.

Appellant urges a number of errors which, if sustained, would require that the premises be readvertised and sold. She is a judgment creditor of John Kudla, who is now deceased, and the decree of foreclosure found that the lien of her judgment was inferior to the lien of plaintiff's trust deed. A freehold is no more involved in this appeal than it was in the appeal from the foreclosure decree. A certificate of purchase does not purport to convey title, but on its face shows the contrary by stating the amount of the bid and when the holder will be entitled to title if the premises are not redeemed. (*Karle* v. *Badeaux,* 255 Ill. 582; *Johnson* v. *McDonald,* 196 id. 394; *Lightcap* v. *Bradley,* 186 id. 510.) Likewise, the order approving the master's sale does not purport to pass title nor will its necessary result

be the loss or gain of a freehold. After the master issues his certificate of purchase the debtor and his decree or judgment creditors will have the statutory periods in which to redeem before the purchaser will be entitled to a deed. The gain or loss of the freehold will depend, not upon the order approving the sale, but upon the subsequent action of the parties who have the right to redeem. In such case no freehold is involved. (*Wright* v. *Logan,* 364 Ill. 33.) Appellant relies on *Barnes* v. *Henshaw,* 226 Ill. 605, but that was a partition suit and is distinguishable, because the master's deed would have issued at once upon approval of the sale and there was no period of redemption.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*