(No. 28616.—  )

ALICE CAMPO, Appellant, *vs.* REUEL H. GRUNEWALD *et al.,*
Appellees.

*Opinion filed September 19, 1945.*

HAROLD OMAR MULKS, of Chicago, for appellant.

REUEL H. GRUNEWALD, and ROBERT F. KOLB, both of
Chicago, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff, Alice Campo, filed suit against appellees in
the superior court of Cook county in a complaint consist-
ing of two counts. The first count is an action at law
against appellees, Reuel H. Grunewald *et al.,* in which she
charges she suffered damages because the actions of ap-
pellees deprived her of the rents and income of a certain
parcel of real estate, in which she alleges she is the owner

of an undivided one-half interest. The second count of the complaint alleges that appellant and one Morton D. Freed became owners of certain real estate as tenants in common upon the death of one Albert R. Freed, by reason of the facts set forth in paragraphs 1 to 24 of count one, and that while it appears defendants have become the legal owners of the real estate in question, yet, by reason of fraud, which she has alleged in count one, it has resulted in one of the defendants becoming a constructive trustee, holding the legal title to one half of said real estate in trust for appellant; and prays that certain conveyances, including a certificate of purchase issued in a foreclosure suit, be set aside and vacated, title vested in appellant, and partition awarded.

A motion to dismiss was made as to both count one at law and count two in equity. The court sustained the motion to strike count one because the matters therein alleged were cognizable only in equity, and because it appeared that the plaintiff and some of the defendants were cotenants, and that an action for rents by one cotenant could not be sustained at law against another. The motion to strike count two was sustained because it appeared certain of the material allegations were dependent upon the result of a foreclosure suit pending in the circuit court of Cook county. The plaintiff thereupon elected to abide by the complaint and each count thereof, whereupon the court adjudged and decreed that the suit be dismissed at the plaintiff's costs.

The appellant has devoted a major part of her brief in attempting to show this court has jurisdiction of a direct appeal from the superior court of Cook county; and cites authorities that count one sets forth facts sufficient to state a cause of action at law, and other authorities purporting to justify the sufficiency of count two as a cause of action in equity. The only claim made justifying a direct appeal

to this court is that a freehold is involved. An analysis of the allegations of the complaint and the issue tendered discloses a freehold is not involved.

Briefly, the facts upon which both the law and equity counts are founded are alleged substantially as follows: that in 1928 Albert R. Freed, father of plaintiff, was the owner of certain real estate; that he owned the same until his death in January, 1938, when he left surviving plaintiff and Morton D. Freed, one of the defendants; that the latter was appointed administrator of the estate, and the final account was approved; that previous to the death of said Albert R. Freed he purported to convey the real estate in question to Morton D. Freed, but that the signature of the grantor in said deed was forged; that before Albert R. Freed acquired the said premises the same had been mortgaged to secure a note for the sum of $3500, and that later said Albert R. Freed became possessed of said mortgage, whereby the mortgage became merged in the fee-simple title of Albert R. Freed, and therefore he owed nothing at the time of his death.

The plaintiff then in substance charges that appellees, Reuel H. Grunewald, Frank O. Koepke, Peter J. Schumacher and Morton D. Freed, knowing that the said deed to the latter was a forgery, entered into a conspiracy in January, 1938, to injure and defraud and swindle the plaintiff out of her rights by having a deed made from Morton D. Freed to Peter J. Schumacher, and by having Freed deliver to Koepke the purported promissory note secured by mortgage, and to have the latter bring foreclosure and purport to make appellant a party by an affidavit of non-residence, giving a fictitious address of plaintiff, well knowing where she resided.

A number of other transactions involving the title are alleged in the complaint, but the purport is that plaintiff is a cotenant owning one half of the title and entitled to

one half of the rents, and should receive actual damages, together with punitive damages in the same sum. The equitable count incorporates the same facts, and prays to have the title revested in plaintiff and partition awarded.

We have many times held that in order to give this court jurisdiction a necessary result of our decision must be the loss by one party and a gain by the other of a freehold, or the title to a freehold must be so put in issue, by the pleadings, that the determination of the case necessarily involves a decision with respect to the ownership of the real estate in question. (*Williams* v. *Williams,* 381 Ill. 507; *Swinson* v. *Sodaman,* 369 Ill. 442; *Neill* v. *Kimball,* 387 Ill. 58.) It is to be noted that it must be a necessary result that a freehold is lost or gained. This means any decision rendered must so result. If we should sustain the action of the judge in striking the law count the result would simply be that we have denied the recovery of damages alleged by the plaintiff in the first count of her complaint. It would not decide that she had or had not an interest in the property. The most it could decide would be that, assuming she did have an interest in the property, she was not entitled to damages by reason of the matters complained of.

Neither is a freehold involved in the second count of the complaint. One of the matters that she prays may be set aside is the certificate of purchase in the foreclosure suit. It has been directly held that such a matter does not involve a freehold. (*Bednarczyk* v. *Kudla,* 371 Ill. 533.) Likewise, the action of the trial court in striking the equitable count because it appeared that the principal allegations upon which title of plaintiff is rested depended upon the facts being litigated in a pending foreclosure suit could not involve a freehold, but at most a procedural question as to the effect of a pending action involving the same subject matter.

In either event, sustaining the trial court would not determine that the plaintiff had or had not a freehold interest in the real estate involved, but only that it must await the determination of another action. On the other hand, should we reverse the trial court the effect would be, on the law count, to hold that the plaintiff had stated a cause of action to which the defendant must file an answer; and on the equity count, that it also constituted grounds for equitable relief without regard to the pending foreclosure suit. It would not give plaintiff relief without production of evidence to sustain the allegations. Likewise under the second part of the rule there is no freehold put in issue for the obvious reason that the point to be decided under the second count is whether such count presents an issue. The trial court held it did not. Were we to sustain the trial court there is presented no issue. Were we to overrule the trial court the case would be remanded for answer. In either event we would merely decide whether there was an issue,—not what the issue involved.

It is to be observed in sustaining a motion to strike the equitable count the court gave the plaintiff leave, if she so desired, to amend such count so as to recover rents and to include therein allegations with respect to the alleged forgery of the deed in question; but instead of taking advantage of this privilege granted by the court plaintiff elected to abide by her pleading.

From the foregoing, it may be seen that no judgment which we may render upon the questions presented to us will necessarily cause a loss or gain of a freehold, or put a freehold in issue. The case is accordingly transferred to the Appellate Court for the First District.

*Cause transferred.*