(No. 33515.—

EARL C. McCARTHY, Appellant, *vs.* EDNA B. McCARTHY *et al.*, Appellees.

*Opinion filed May 20, 1955.*

LOESCH, SCOFIELD & BURKE, of Chicago, for appellant.

LUTHER M. LEWIS, of Chicago, for appellee Edna B. McCarthy; CURTIS, FRIEDMAN & MARKS, of Chicago, (LOUIS DAVID FRIEDMAN, of counsel,) for other appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

Earl C. McCarthy, the appellant, filed a complaint in the superior court of Cook County for partition of a Chicago apartment property, alleging ownership of an undivided one-half interest as residuary legatee under the last will and testament of Agnes Schmerker, deceased. The complaint alleged that the other undivided one-half was vested in Edna B. McCarthy, appellant's wife, by virtue of a conveyance made by him subsequent to the death of the testatrix.

The facts alleged in the pleadings disclose that appellant's claim of ownership arises from the following circumstances: Agnes Schmerker, hereafter referred to as testatrix, was an elderly lady who died on December 2, 1952, leaving no husband or children, her nearest of kin being brothers, sisters, nieces and nephews, none of whom are residents of this State. During her lifetime she resided in the property here involved and was the owner of a fee simple therein. On September 1, 1949, testatrix and a straw party executed deeds which caused title to become vested in appellant and his wife as joint tenants. Although it appears the property was worth approximately $45,000 and produced a sizable monthly income, the complaint alleges that the consideration for the deed was $3000, for which sum the testatrix was indebted to appellant, presumably for attorney's fees arising from services performed for the testatrix by appellant. Eight months later, in May, 1950, the testatrix executed a last will and testament making bequests of approximately $6500, (which included a sum of $1500 bequeathed to appellant's stepdaughter,) and leaving the residue of her estate to appellant who was described as her "good friend and counsellor." He was likewise nominated as executor.

A year after the execution of the will, in May, 1951, the testatrix was adjudged an incompetent by the probate court of Cook County, and a bank appointed conservator of her estate, as the result of a petition filed on behalf of her nearest of kin. Thereafter, with the court's approval, the conservator filed a suit to set aside the deeds by which appellant and his wife had become vested with title to the real estate and initiated citation proceedings to recover other assets of the ward's estate held by appellant. There followed a period of negotiation between appellant and his wife on the one side and the conservator and other interested parties on the other. As a result appellant agreed to execute and deliver: (1) a quitclaim deed from himself and his wife reconveying the premises to Agnes Schmerker; (2) an affidavit of title; (3) a guaranty affidavit; (4) a general release from appellant and his wife to Agnes Schmerker; (5) a renunciation by appellant of all interest which he might have in and to the estate of the testatrix as residuary legatee of her will; (6) a renunciation by appellant and his wife renouncing all interest in any will or wills of the testatrix; (7) a release by appellant's step-daughter releasing the estate of the testatrix of all claims except the specific legacy of $1500; (8) an indemnity agreement against the invalidity of the release last described; (9) an assignment of all refunds of general real-estate taxes; (10) a release of any interest in and to certain mining claims; and, (11) the resignation of appellant as executor under all wills of the testatrix. For such instruments, appellant was to be paid a consideration of $7500 and the legal proceedings instituted against him by the conservator were to be dismissed. The agreement was presented to the probate court and thereafter was carried out pursuant to the court's order.

The testatrix died December 2, 1952, and probate proceedings were commenced. Thereafter, appellant presented a motion seeking to file his appearance in the cause, and

for an order that he be served with notice of all proceedings, on the grounds that his renunciation of all rights under the will of the testatrix was invalid and a nullity. On March 9, 1953, the probate court entered an an order denying the motion and made an express finding that appellant had no interest of any kind or nature in the estate of the decedent. No appeal was taken from this order. Later, on November 18, 1953, appellant caused deeds to be executed which purported to vest title to the testatrix's real estate in himself and his wife as tenants in common. Immediately thereafter, on November 23, 1953, appellant commenced the instant proceeding to partition the premises naming as defendants his wife, the administrator with will annexed and the heirs-at-law of the testatrix, all of whom are appellees in this court. The tenor of the complaint was that his renunciation of the will was void and of no force and effect, that the probate court lacked jurisdiction to authorize the conservator to purchase the renunciation, that he acquired title to the real property as residuary legatee, and that he is entitled to partition.

Appellees, with the exception of appellant's wife, filed motions to dismiss alleging both that the complaint was insufficient to state a cause of action, and that the order of the probate court finding appellant was not a party in interest in the estate of the testatrix, was *res judicata* of the present action. After a hearing on the motions, the trial court entered an order striking the complaint and dismissing the cause, the report of proceedings showing conclusively that said order was based on the ground that there had already been a final adjudication in the probate proceedings that appellant had no interest in the estate of the testatrix. This direct appeal has followed on the theory that a freehold is involved so as to give us jurisdiction.

For this court to entertain jurisdiction of a direct appeal on the ground that a freehold is involved, the freehold must be directly and not collaterally, contingently or

incidentally involved. (*Jones* v. *Hodges*, 1 Ill. 2d 415, 418.) Where the subject of a suit for partition is a freehold estate, a freehold is always involved in the suit. (*Hutchinson* v. *Spoehr*, 221 Ill. 312, 314.) It may be conceded, therefore, that the complaint in the present cause involved a freehold. But the fact that a freehold is involved does not alone determine the question of jurisdiction on appeal. To give this court jurisdiction on such grounds, the freehold must not only be involved in the suit, but must also be involved in the questions to be determined on appeal. (*Prouty* v. *Moss*, 188 Ill. 84; *Miller* v. *Kensil*, 223 Ill. 201; *Smith* v. *Johnson*, 313 Ill. 17; *Campo* v. *Grunewald*, 391 Ill. 91; *Lakin* v. *Wood*, 406 Ill. 595.) Recourse to the decisions last cited shows that in *Prouty* v. *Moss*, it was held that this court did not have jurisdiction of an appeal from an order sustaining a demurrer to a bill which sought to revive an original bill involving a freehold. In *Miller* v. *Kensil*, a partition proceeding, the question of whether the court had improperly stricken a plea in abatement predicated on the pendency of a former suit, was held not to involve a freehold for purposes of appeal. Similarly, in *Campo* v. *Grunewald*, also a suit for partition, it was held (p. 94) that "the action of the trial court in striking the equitable count because it appeared that the principal allegations upon which title of plaintiff is rested depended upon the facts being litigated in a pending foreclosure suit could not involve a freehold, but at most a procedural question as to the effect of a pending action involving the same subject matter." *Smith* v. *Johnson*, presented a situation where a divorced husband filed a petition for reconveyance of real and personal property he had conveyed in trust as part of an alimony settlement. On motion, the chancellor struck the petition from the files. When the husband appealed directly to this court, we held that a freehold was not involved but a question of practice only inasmuch as the court, in striking the petition,

did not pass upon the merits of the claim to a freehold.

Measured by the facts and holdings of the authorities discussed, it does not appear that a freehold is involved in the questions presented by this appeal. Despite the fact appellant had assigned numerous errors embracing the merits of his complaint, it is manifest, both from the record and the order appealed from, that the court did not pass on the merits of his claim to a freehold. The effect of its order was not to say that one party gained or lost a freehold, but was to refuse to hear appellant's claim because it was of the opinion appellant's rights in the estate of the testatrix had already been fully litigated and adjudicated. If we were to affirm the judgment of the superior court, the only effect would be to hold that the order entered in the probate proceedings is a bar to the present action, leaving appellant to such review of the probate proceedings as he may have. If the judgment of the lower court were to be reversed, the only action this court could take would be to remand with directions to deny the motion to dismiss and to proceed to the merits of the cause. (Cf. *Prouty* v. *Moss,* 188 Ill. 84; *Lakin* v. *Wood,* 406 Ill. 595.) By neither action would a freehold be gained or lost.

There is before us, therefore, only such assignments of error as raise the issue of whether the lower court improperly struck the complaint and dismissed the cause on the ground that the order of the probate court was *res judicata* to the present action. Such questions do not relate to the ownership of the freehold but at most present a procedural question as to the effect of litigation involving the same subject matter. *Miller* v. *Kensil,* 223 Ill. 201; *Campo* v. *Grunewald,* 391 Ill. 91, 94.

What we have said concerning the insufficiency of the questions presented to give us jurisdiction have equal application to a cross appeal filed by Edna B. McCarthy, wife of appellant, whose counterclaim for an undivided

one-half of the freehold and for inchoate dower in the other half, was likewise stricken and dismissed by the order appealed from. Apart from the fact that an inchoate right of dower is not a freehold, (*Hutchinson* v. *Spoehr,* 221 Ill. 312, 314,) it is manifest that the right to a freehold she asserts in her counterclaim must stand or fall with the efficacy of her husband's claim.

A freehold is not involved in the questions presented, thus this court is without jurisdiction of the appeal. The cause is therefore transferred to the Appellate Court for the First District.