(No. 38104.—)

MILDRED BERBER *et al.*, Appellants, *vs.* ERNST HASS *et al.*, Appellees.

*Opinion filed January 22, 1964.*

DAVID POTTISHMANN, of Chicago, for appellants.

EDWARD L. S. ARKEMA, of Chicago, for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiffs appeal directly, on the premise that a freehold is involved, from an order of the superior court of Cook County, dismissing their complaint in chancery which prayed, among other things, that the court set aside a deed made by defendant, their brother, to himself while executor of their mother's will.

Testatrix died January 31, 1962, leaving a will which devised her real estate to her three children, Albert Hass and Mildred Berber, plaintiffs herein, and Ernst Hass, defendant herein, in equal shares. Section 5 gave Ernst Hass the option to purchase the realty within 9 months from the date of testatrix's death "at the most recent valuation placed upon said premises by the Assessor of Cook County." The will also authorized and empowered the executors "to sell, convey and dispose of all or any part of my said estate, in their discretion."

Following admission of the will to probate, the probate court, on July 26, 1962, entered an order authorizing and directing Ernst Hass as executor to convey the realty in question to himself and his wife as joint tenants for a sale price of $47,373 in accordance with the provisions of section 5 of testatrix's will. The order concluded with the following language: "It is Further Ordered that said conveyance and transfer of title be conditioned and executed simultaneously with the deposit into said estate by Ernst Hass of the proportionate portion of the same sum of $47,373.00 * * * due to the remaining two beneficiaries of said Estate."

On July 27, 1962, Ernst Hass, as executor, conveyed the realty to himself and his wife as joint tenants by deed duly recorded.

After due notice Ernst Hass presented his final report and account as executor to the probate court on November 9, 1962, and on objection of plaintiffs the matter was continued for hearing until November 19, 1962. At the hearing he was questioned and presented his bank book which allegedly showed that the purchase price had not been deposited on July 27, 1962, the day of conveyance, but on October 26, 1962. On December 12, 1962, upon due notice, the probate court entered an order approving the executor's final report, discharging the executor, and declaring the estate settled.

In addition to the uncontroverted facts set out above, plaintiffs alleged that defendant collected and accumulated approximately $6,256 in rentals for the interval July 1 through October, 1962, which he used as part of the purchase price finally deposited on October 26, 1962. Plaintiffs contend that defendant violated the court order of July 26, 1962, that the interim rentals belonged to the devisees, not Ernst Hass, and that by his actions defendant worked a fraud on the court and on the devisees.

Predicated upon these contentions, plaintiffs, on December 13, 1962, filed their complaint in chancery in the superior court of Cook County which was dismissed. Plaintiffs then filed an amended complaint setting out the facts and allegations mentioned above and praying that the deed to Ernst Hass and his wife be set aside, that the deed be removed as a cloud on the title to the realty, that the realty be partitioned one third to each devisee named in the will, that a temporary receiver be appointed, and that an accounting of the rents and expenditures on the property since July 27, 1962, be had. This amended complaint was subsequently dismissed on defendant's motion alleging, among other things, that the cause was barred by the prior judgments of the probate court, particularly the orders of July 26 and December 12, 1962, from which no appeal was taken.

While neither party has questioned our jurisdiction on direct appeal, parties to a suit may not by their consent or acquiescence confer jurisdiction on this court (*Oak Park Trust and Savings Bank* v. *Village of Middlebury,* 20 Ill.2d 122), and where some question exists as to the jurisdictional basis for direct appeal, this court may inquire of its own volition as to the propriety thereof. *Central Standard Life Ins. Co.* v. *Davis,* 7 Ill.2d 266; *Kurzawski* v. *Malaga,* 402 Ill. 207.

In essence, the plaintiffs are here questioning the propriety of the superior court's dismissal of their complaint. This dismissal apparently occurred on the grounds that the prior orders of the probate court barred the questions raised as being *res judicata* without passing on the substantive merits involved.

Virtually this exact question was raised in *McCarthy* v. *McCarthy,* 6 Ill.2d 52, where it was said at p. 56: "To give this court jurisdiction on such grounds [under Ill. Rev. Stat. 1963, chap. 110, par. 75], the freehold must not only be involved in the suit, but must also be involved in the ques-

tions to be determined on appeal." And appearing on page 57 is the following language which we believe determinative here:

"Measured by the facts and holdings of the authorities discussed, it does not appear that a freehold is involved in the questions presented by this appeal. Despite the fact appellant had assigned numerous errors embracing the merits of his complaint, it is manifest, both from the record and the order appealed from, that the court did not pass on the merits of his claim to a freehold. The effect of its order was not to say that one party gained or lost a freehold, but was to refuse to hear appellant's claim because it was of the opinion appellant's rights in the estate of the testatrix had already been fully litigated and adjudicated. If we were to affirm the judgment of the superior court, the only effect would be to hold that the order entered in the probate proceedings is a bar to the present action, leaving appellant to such review of the probate proceedings as he may have. If the judgment of the lower court were to be reversed, the only action this court could take would be to remand with directions to deny the motion to dismiss and to proceed to the merits of the cause. (Cf. *Prouty* v. *Moss,* 188 Ill. 84; *Lakin* v. *Wood,* 406 Ill. 595.) By neither action would a freehold be gained or lost.

"There is before us, therefore, only such assignments of error as raise the issue of whether the lower court improperly struck the complaint and dismissed the cause on the ground that the order of the probate court was *res judicata* to the present action. Such questions do not relate to the ownership of the freehold but at most present a procedural question as to the effect of litigation involving the same subject matter. *Miller* v. *Kensil,* 223 Ill. 201; *Campo* v. *Grunewald,* 391 Ill. 91, 94."

The cause is transferred to the Appellate Court, First Judicial District.

*Cause transferred.*