MARCELLA CROWLEY, Appellee, *vs.* PATRICK McCambridge *et al.* Appellants.—J. H. ALSDURF, Admr., *vs.* PATRICK McCambridge, Appellant.

*Opinion filed December 15, 1908.*

APPEALS AND ERRORS—*when Supreme Court has no jurisdiction.* The Supreme Court has no jurisdiction of a direct appeal by the defendant from a decree in a proceeding originally begun for partition, where the decree is one for the payment of money only, no cross-error is assigned as to the finding of the decree that the title to the land was in the appellant, and none of the appellant's assignments of error involve any question authorizing the taking of a direct appeal.

APPEAL from the Circuit Court of Grundy county; the Hon. S. C. STOUGH, Judge, presiding.

Appellee, Marcella Crowley, filed her bill in the circuit court of Grundy county for partition of two hundred acres of land, alleging that she was the owner of the undivided one-fourth thereof and that she derived title thereto by inheritance from her grandfather, Patrick Lamb, who the bill

alleged was the owner in fee of said land at the time of his death, in February, 1903. The bill alleged that Patrick Lamb left surviving him his widow, Mary Lamb; his two sons, Richard F. and Michael H. Lamb; Florence and Loretta Issler, only children of a deceased daughter, and complainant, only surviving child of another deceased daughter, as his only heirs-at-law, and that the land was subject to certain encumbrances set out in the bill. The bill further alleged that in July, 1902, before his death, Patrick Lamb entered into a written agreement with John H. Kane by which he agreed with said Kane to convey to him on the first day of March, 1903, said lands for the consideration of $20,000, $1000 of which was cash in hand and the remaining $19,000 to be paid on March 1, 1903, but complainant alleged she was unable to furnish the court either the original or a copy of said agreement; that divers persons were conspiring and confederating together to deprive complainant of her rights in said lands, and had on November 23, 1903, fraudulently obtained and caused to be filed for record what purported to be a warranty deed from Patrick Lamb and his wife conveying all of said premises to Patrick McCambridge, and had also filed for record what purported to be a mortgage from Patrick McCambridge to Mary Lamb to secure a note for $4000. The bill alleged these purported conveyances were clouds on complainant's title, and prayed that they be so decreed, and that said purported conveyances and the agreement between Kane and Patrick Lamb be set aside and that the land be partitioned in accordance with the rights of the respective parties. A guardian *ad litem* was appointed for the Issler children, who were minors, and he filed the usual formal answer, neither admitting nor denying the allegations of the bill but praying that strict proof be required.

Patrick McCambridge, John H. Kane and Patrick Welsh, a tenant on the premises, filed a joint and several answer denying that Patrick Lamb owned the lands at the

time of his death, and averring that July 9, 1902, said Patrick Lamb and his wife entered into a written agreement with respondent Kane for the sale of said lands to him for $20,000, which written agreement is set out in full as a part of the answer. By the terms of said agreement Kane was to pay $1000 cash, the receipt of which is acknowledged, assume payment of a $5000 mortgage and a $1000 mortgage, give a second mortgage on the premises to secure $4000, and pay the remaining $9000 in cash March 1, 1903, at which time a deed conveying the premises would be delivered to him. The answer avers that Kane paid the $1000 in cash, and on October 30, 1902, with the advice and consent of Patrick Lamb and his wife, assigned said agreement to Patrick McCambridge for the consideration of $800, which was then paid, and on the same date said Lambs signed, sealed and delivered the warranty deed for said premises to Patrick McCambridge, and then and there said Patrick Lamb and his wife made said Kane their agent to deliver the said deed to said McCambridge and then and there authorized and empowered said Kane to receive the consideration for it; that said Patrick Lamb and wife authorized and empowered said Kane to hold said deed in escrow until the first day of March, 1903, and then deliver it to said McCambridge, all of which was also agreed to by him. The answer further avers that Patrick McCambridge received the deed from Kane March 2, 1903, and on said date paid the full consideration therefor in accordance with the terms of said written agreement, and became thereby the owner of the said premises in fee simple, subject to the mortgage liens, and entered into possession thereof.

Mary Lamb, the widow, died December 10, 1903. On the 26th of June, 1905, J. H. Alsdurf was on petition of Marcella Crowley, appellee, appointed administrator of the estate of Patrick Lamb. In September following said administrator brought an action of assumpsit against Patrick McCambridge to recover $13,000 alleged to be the balance due

on the purchase price of said lands. To this action the defendant pleaded the general issue.

In September, 1906, Patrick McCambridge filed a cross-bill in the partition suit. The cross-bill recites, in substance, the answer to the original bill, and sets up the appointment of an administrator of Patrick Lamb's estate, the bringing of the action of assumpsit, and alleges that the action of assumpsit involves the same subject matter involved in the chancery suit; that the cross-complainant is vexed and annoyed by a multiplicity of suits involving the purchase of said real estate, brought for the purpose of annoying him and to cause him to spend large sums of money defending said suits, to deprive him of the use and enjoyment of his land and to depreciate its value. The cross-bill further alleges, on information and belief, that in February, 1903, Patrick Lamb made and delivered to Kane a statement in writing designating the manner in which the proceeds of his real estate should be distributed among his heirs; that Kane delivered the deed for said premises to Richard F. Lamb to be delivered to cross-complainant, and at the same time delivered to said Richard F. Lamb the statement in writing of Patrick Lamb directing the manner of the distribution of the proceeds among his heirs; that the cross-complainant is informed and believes that Richard F. Lamb, after receiving the money arising from the sale of the land, distributed it among the heirs of Patrick Lamb according to his directions, and that all of said heirs had received their full shares except Marcella Crowley, complainant in the original bill, and that she refused to accept her share, although said Richard F. Lamb is, and always since March 2, 1903, has been, able, ready and willing to pay her. The cross-bill prays that the administrator of the estate of Patrick Lamb be enjoined from further prosecuting the action of assumpsit; that the court determine that the agreement between Patrick Lamb and Kane for the sale of said real estate, and the assignment thereof by Kane to cross-com-

237—15

plainant, were fair and legal; that the deed from Patrick Lamb to cross-complainant was legally executed and delivered to him, and that he is the owner in fee-simple thereof, subject to certain mortgage liens.

In April, 1908, complainant, by leave of court, amended her original bill. The amendment alleged that complainant was informed, and now believes, that Patrick Lamb conveyed the lands described in her bill to Patrick McCambridge October 30, 1902, and that at the time of the death of Patrick Lamb there was due him from Patrick McCambridge $13,000; that the defendants Patrick McCambridge, Michael H. Lamb, Richard F. Lamb, and others to complainant unknown, had conspired and confederated together for the purpose of defrauding her and the two Issler children out of their several portions of said money, which the said defendants, or some of them, held and had so held since March 3, 1903, and refused to pay over to the persons to whom it belonged or to the administrator of the estate of said Patrick Lamb. To this amendment a prayer was added that in the event the court found the title was transferred from Patrick Lamb to McCambridge, a decree be entered directing McCambridge, Michael H. Lamb and Richard F. Lamb to pay to the administrator of the estate of Patrick Lamb the indebtedness owed by them to said estate as unpaid balance of the purchase price of said land.

Issues were joined on the pleadings, and at the request of the respective parties thereto an order was entered that the assumpsit suit be consolidated with the chancery case, and they were thereafter tried together by the court. The court found that the deed from Patrick Lamb and wife to Patrick McCambridge was delivered to him and vested in him the fee simple title, subject to a mortgage for $5000 to Julia Ray; that payment of the balance of the consideration for said conveyance ($19,000) was to be made by McCambridge assuming the mortgage of $5000 to Julia Ray, a mortgage of $1000 on said premises to said Patrick

McCambridge and by giving a mortgage to Patrick Lamb to secure $4000, the balance of $9000 to be paid in cash on March 1, 1903. The decree further found that Patrick Lamb died February 10, 1903, before the deed was delivered by Kane to McCambridge and before all the balance of the purchase money had been paid. The decree further found that on March 3, 1903, McCambridge paid the balance due on the purchase money ($9219.11) to Richard F. and Michael H. Lamb, $4000 of which was paid by giving a note for that amount secured by mortgage on the land, but that said payment did not discharge his liability to the estate of Patrick Lamb except in so far as it paid Richard F. Lamb and Michael H. Lamb the amounts that would be due them on their distributive shares of their father's estate after the payment of the debts against it and costs of administration. The decree found that Richard F. Lamb was indebted to the estate in the sum of $6039.50 and Michael H. Lamb in the sum of $1000; that the net value of Patrick Lamb's estate at the time of his death, made up of amounts due from McCambridge and Richard F. Lamb and Michael H. Lamb, was $16,258.61, making the shares of Richard F. Lamb and Michael H. Lamb and appellee, Marcella Crowley, $4064.65 and the Issler children each one-half that amount. The decree further found that the indebtedness of Richard F. Lamb to his father's estate exceeded his inheritable share $1974.85. Richard F. Lamb was ordered by the decree to pay the administrator, for the use of Marcella Crowley and the Issler children, $1246.61. Patrick McCambridge was ordered to pay $9616.62, and execution was awarded the administrator for the collection of each of said sums so ordered paid, and it was further ordered that upon the payment by McCambridge to the administrator of the said sum so ordered to be paid the assumpsit suit be dismissed. It was also ordered and adjudged that Patrick McCambridge have and recover from Richard F. Lamb and Michael H. Lamb the said sum of $9616.62.

A. C. NORTON, and J. W. RAUSCH, for appellant.

CORNELIUS REARDON, for appellee.

C. F. HANSON, for minor defendants.

Mr. JUSTICE FARMER delivered the opinion of the court:

Patrick McCambridge has appealed direct to this court and asks a reversal of the decree. The decree recites how the amounts ordered paid by Richard F. Lamb and appellant are arrived at, but as the correctness of this decree can not be determined by this court upon this appeal we have not deemed it necessary to set out that portion of it. Originally the pleadings involved a freehold, but the amendment made by the appellee to her original bill and her amended prayer eliminated any freehold question by conceding the claim of appellant that Patrick Lamb had conveyed to him the premises described in the bill, and claiming that $13,000 of the purchase money was still unpaid and praying a money decree. It is true, the decree finds that the deed from Patrick Lamb and wife was delivered to and vested title to the lands in appellant, but that was in accordance with the claims of the parties by their pleadings after the amendment was filed and was not really a controverted question. But if it were, the decision of the court was in favor of appellant, and he has not assigned, and could not assign, errors upon a finding and decree in his own favor and appellee has assigned no cross-errors. The decree is essentially one for the payment of money, only, and not a single one of the thirty-two errors assigned by appellant raises any question that authorizes this court to take jurisdiction of the appeal.

The appeal should have been prosecuted to the Appellate Court for the Second District, and it will therefore be transferred to said court.        *Appeal transferred.*