N. MILLS LEWIS *et al.* Appellants, *vs.* JED LEWIS *et al.* Appellees.

*Opinion filed December 15, 1908.*

1. APPEALS AND ERRORS—*when Supreme Court has no jurisdiction of direct appeal from a partition decree.* The Supreme Court has no jurisdiction of a direct appeal from a partition decree where the assignments of error do not question the action of the court below in determining the estates of the parties in the land but relate only to the existence or adjustment of liens.

2. SAME—*what does not bring up question of freehold on appeal in partition.* A partition decree is final in favor of minors as well as against them, and if the decree is apparently favorable to the minor defendants and they assign no cross-errors upon appeal by the complainant, the fact that a freehold was involved under the issue made by their formal answer calling for strict proof of the bill does not bring up the question of freehold, where the complainant questions the decree only as to the allowance of a lien.

APPEAL from the Circuit Court of Warren county; the Hon. JOHN A. GRAY, Judge, presiding.

The appellants filed their bill for the partition of the real estate devised by the will of H. M. Lewis, their grandfather, making all the other devisees under the will parties defendant. Appellants are the children of Norvel Lewis, a son of the testator, who died before the making of the will. The third clause of the will directed that, after the payment of the testator's debts and funeral expenses and a legacy of $1000 to a daughter, all the balance of his property should be divided into seven equal parts, and that one part should be given to each of his six living children and the seventh to the heirs of his deceased son, Norvel, after deducting therefrom two promissory notes, one for $3300, dated January 1, 1891, the other for $1200, dated May 1, 1894, each bearing six per cent interest. It is averred that the note for $3300 was paid in full by Norvel Lewis in his lifetime to H. M. Lewis, and it is prayed that the amount thereof be not charged against the share of the complainants. After a hearing upon the pleadings and evidence a decree was rendered in accordance with the prayer of the bill, except that the complainants' interest was subjected to the lien of the note for $3300. The complainants have appealed to this court, and their assignments of error question the action of the circuit court only in so far as it subjects their interest to the lien of the $3300 note.

Brown & Soule, for appellants.

Hanley & Cox, (H. B. Safford, guardian *ad litem*,) for appellees.

Mr. Justice Dunn delivered the opinion of the court:

The appeal should have been taken to the Appellate Court. No freehold is involved and no other ground appears for an appeal to this court. A freehold was involved in the decree of partition, but no complaint is made of the

237—27

disposition of the freehold by the circuit court. All parties are satisfied with that part of the decree, and, in fact, it is in that respect precisely the decree that the appellants prayed for. It is only the action of the court in regard to the $3300 note that is complained of, and the relief sought by this appeal is not to affect the decree in regard to the estate of any of the parties, but merely to relieve the complainants' estate from a lien for the payment of money.

The questions involved in this court are determined by the assignment of error on the record, and this court has not jurisdiction of an appeal in a partition suit, where the assignments of error do not question the action of the court in determining the estates of the parties in the land but relate only to the existence or adjustment of liens. *Hutchinson* v. *Spoehr,* 221 Ill. 312; *Miller* v. *Kensil,* 223 id. 201; *Fread* v. *Fread,* 165 id. 228; *Fields* v. *Coker,* 161 id. 186; *Malaer* v. *Hudgens,* 130 id. 225.

Two of the defendants to the bill were minors, defending by a guardian *ad litem,* and filed a formal answer calling for strict proof of the bill, and it is said that a freehold is involved in the issue thus made. A freehold was involved in this issue, but no cross-errors have been assigned in behalf of the minors and no reason appears why any cross-errors should be assigned. The decree is final in favor of the minors as well as against them, and appellants have no right to insist upon the assignment of errors on the part of the minors upon a decree which apparently is favorable to them.

The appeal will be transferred to the Appellate Court for the Second District. *Appeal transferred.*