AMOS C. MARTIN, Admr., Appellant, vs. ALICE L. SMALL, et al. Appellees.

*Opinion filed April 18, 1912.*

FREEHOLD—*when a freehold is not involved on appeal from a partition decree.* A freehold is not involved, so as to give the Supreme Court jurisdiction of a direct appeal from a partition decree, where the only question raised by the assignment of errors is whether certain notes made by the deceased land owner, 'which were secured by trust deed and mortgage upon her real estate, should be paid out of the personal property or be held to be a lien upon the land.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

THOMPSON & THOMPSON, for appellant.

BOWERSOCK & STILWELL, CULVER, ANDREWS & KING, and WILLIAM B. MOAK, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the superior court of Cook county by Amos C. Martin, individually and as administrator, to partition the real estate owned in fee simple by Evaline B. Martin at her decease. Answers and cross-bills were filed by appellees, and after the pleadings were settled a decree was entered finding that the personal property of the estate was a fund primarily liable for the payment of two notes, secured, respectively, by trust deed and mortgage on said real estate, and that in case of foreclosure and sale the heirs be subrogated to the rights of the mortgagees as against the personal estate. From that decree this appeal has been taken to this court.

Evaline B. Martin, the wife of Amos C. Martin, died intestate March 29, 1911. She died seized and possessed of

approximately $40,000 of personal property and of two flat-buildings in Cook county. She was then indebted on two promissory notes of $10,000 and $15,000, respectively, one secured by trust deed on one of said flat-buildings and the other by mortgage on the other flat-building. She left her surviving her husband, the appellant, Amos C. Martin, and Alice L. Small, her mother, William Small, her brother, and Alice L. Downey, her sister, her only heirs-at-law and next of kin. No question is raised by the assignments of error in this court as to the division of the real estate among these heirs. The sole question involved in this appeal is whether the personal property or the real estate is the primary fund out of which to pay the indebtedness of these two notes.

A suit in partition involves a freehold in the trial court, but no question of freehold is involved in the assignment of errors to be determined on this appeal. The only action of the trial court complained of is its decision as to whether the notes in question should be a lien on the real estate. Though the question decided by the decree of the lower court involves a freehold, if on the appeal here the questions only relate to the existence or adjustment of liens against the lands, a freehold is not involved so as to permit the cause to be brought directly to this court. *Lewis* v. *Lewis,* 237 Ill. 416; *Miller* v. *Rich,* 231 id. 416; *Hutchinson* v. *Spoehr,* 221 id. 312; *Fields* v. *Coker,* 161 id. 186; *Franklin* v. *Loan and Investment Co.* 152 id. 345. See, also, *Wachsmuth* v. *Penn Mutual Life Ins. Co.* 231 Ill. 29, and cases cited.

This court being without jurisdiction, the cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*