CLAUS TOMHAVE, Appellant, *vs.* RICHARD H. VORTMAN,
Appellee.

*Opinion filed June 22, 1916.*

1. FREEHOLD—*when freehold is not involved.* A freehold is not
involved on appeal in an action of trespass for cutting down hedge
trees between the adjoining lands of the parties, even though a
plea of *liberum tenementum* is filed and replied to, where no evi-
dence is offered under such issue, the only defense made on the
trial being a license to cut the trees, and where no proposition of
law concerning the ownership of the freehold is held or refused
and there is no assignment of error involving such ownership.

2. SAME—*when question of location of boundary line does not
involve a freehold.* In an action of trespass for cutting down osage
orange hedge trees, the question whether the hedge was the bound-
ary line or where the boundary line was does not involve a free-
hold, where the question was presented in the form of a proposi-
tion of law containing an hypothesis of fact which it was stated
would make the hedge fence a boundary line.

APPEAL from the Circuit Court of Morgan county; the
Hon. NORMAN L. JONES, Judge, presiding.

JOHN J. REEVE, and KIRBY, WILSON & BROCKHOUSE,
for appellant.

WILLIAM N. HAIRGROVE, and WILLIAM L. PATTON, for
appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

There was a finding and judgment for the defendant
in this action of trespass, brought by the appellant, Claus
Tomhave, against the appellee, Richard H. Vortman, in the
circuit court of Morgan county, on a trial before the judge
without a jury, and an appeal was taken to this court.

There were two counts in the declaration, each charg-
ing the defendant with cutting osage orange hedge trees of
the plaintiff. The pleas were, not guilty and *liberum tene-
mentum.* The plaintiff joined issue on the plea of not guilty

and traversed the plea of *liberum tenementum* by a replication, on which the defendant joined issue.

On the trial it was proved that the plaintiff and defendant owned adjoining tracts of land; that there had once been a division fence, the north end being a rail fence and the south end a post-and-board fence; that the predecessor in title of the plaintiff set out the hedge on his land within a few feet of the fence, which in the course of time decayed and disappeared, and that the hedge had grown up to a considerable height, so that there were many portions large enough for fence posts. The only defense interposed at the trial was a license to cut the hedge trees for posts. The plaintiff testified that about 1905 he said to the defendant: "Now, you have got no poles; this hedge I like to leave grow up in poles; now, if you will trim that hedge on one side I will give you some poles." The defendant testified that the plaintiff told him they would leave the hedge standing there and let it grow up and make posts and each take one-half. The claim of the defendant was that he had a license to cut the north half and the plaintiff was to have the south half.

An issue as to the ownership of the freehold was made by the plea of *liberum tenementum* (*Piper* v. *Connelly,* 108 Ill. 646; *Illinois Central Railroad Co.* v. *Hatter,* 207 id. id. 88;) but there was no trial of that issue, and the defendant having offered no evidence under the plea that defense was abandoned. It was admitted on the trial that the plaintiff owned the premises, and the only defense offered was a license to cut the hedge for posts. There was no proposition of law given or refused concerning the ownership of the freehold and there is no assignment of error involving such ownership. The court held a proposition of law submitted by the defendant stating an hypothesis of fact which the proposition stated would make the hedge fence a boundary line, but the question whether the hedge fence was a boundary line or where the line was does not involve the

freehold. (*Brownmark* v. *Livingston*, 190 Ill. 412.) The appeal should have been taken to the Appellate Court.

The cause is transferred to the Appellate Court for the Third District.                    . *Cause transferred.*