(No. 12010.—Cause transferred.)
BARBARA KUHNE, Appellant, *vs.* THE SANITARY DISTRICT
· OF CHICAGO, Appellee.

*Opinion filed October 21, 1918.*

APPEALS AND ERRORS—*when a freehold is not involved in suit for damages to real estate.* A freehold is not involved in an action for damages to real estate from overflowing the same where the positive allegation of the declaration as to plaintiff's ownership of the land is admitted by demurrer and no question is raised as to the title to the land.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

WARREN PEASE, for appellant.

EDMUND D. ADCOCK, (ROSS C. HALL, and WALTER E. BEEBE, of counsel,) for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Appellant filed her suit in the circuit court of Cook county for damages to injuries to crops, timber and pasturage upon certain lands owned by her and lying along the Illinois river, in Putnam county. The original declaration consisted of four counts, to each of which a special demurrer was interposed. The court sustained the demurrers to the second and third counts and overruled them to the first and fourth counts. The second and third counts were amended by leave of court, and demurrers were filed to the amended counts. The first and fourth counts were dismissed by appellant and the court sustained the demurrers to the second and third amended counts. Appellant elected to stand by the second and third counts as amended. The court entered judgment in favor of appellee, and appellant prayed and perfected an appeal to this court.

285 – 9

The substance of the allegations in the amended counts is that appellee, during the five years immediately preceding the beginning of this suit, caused water to flow through its canal from Lake Michigan and through intermediate streams into the Illinois river above the lands owned by appellant, in such quantity as to flood them; that appellee is authorized by the act under which it is organized, to flow through its canal only a certain amount of water into the Illinois river, the amount of said flowage to be based upon the population of the district and the uniform flow to be increased only as the population of the district increased; that contrary to its legal duty appellee failed to maintain a steady stream or uniform flow of water through its canal in proportion to its population and thus violated the statute and thereby overflowed the lands of appellant, causing the damages for which she sued; that the Chicago river and the artificial channel of appellee were navigable streams during the five years preceding the filing of the suit and were subject to the jurisdiction and control of the United States government and its war department; that the war department had fixed and restricted the amount of water which appellee might flow through its channel, the same not to exceed 250,000 cubic feet per minute; that in violation of its duty appellee wrongfully and willfully admitted and caused to flow from Lake Michigan and the Chicago river through its channel into the Illinois river quantities of water greatly in excess of 250,000 cubic feet per minute, thereby causing the Illinois river to overflow its banks and the lands of appellant and caused said damages.

Both the amended counts positively averred ownership of the lands by appellant. The demurrers admitted that fact, and there was no contention as to the title to the lands in the lower court and there is none in this court. The only questions presented by this record are, as stated and argued by the parties, (1) whether or not the filing of a general demurrer after the filing of a special demur-

rer to a declaration waives the ground of special demurrer;
(2) whether the second count as amended stated a cause
of action by charging that the statutory duty of appellee
to flow 20,000 cubic feet of water per minute for each
100,000 population of the district is a limitation, and that
the district is flowing more than the amount required by
the statute and that any flow in excess of the statutory re-
quirement is wrongful; and (3) whether the third amended
count states a cause of action in charging that the Federal
government, through the Secretary of War, has limited the
amount of water that may be taken from Lake Michigan
and flowed through the Desplaines river into the Illinois
river, and that the violation of that limitation order is ille-
gal and wrongful.

No constitutional question or franchise is involved, nor
any other question giving this court jurisdiction of this ap-
peal unless a freehold is involved. The general rule is that
a freehold is involved when one party gains and another
loses a freehold by the decision in the case, or when the
title to a freehold is so put in issue by the pleadings that
a decision of the case necessarily involves a decision of such
question. (*Town of Mattoon* v. *Elliott,* 259 Ill. 72; *San-
ford* v. *Kane,* 127 id. 591.) In the cases of *Jones* v. *Sani-
tary District,* 252 Ill. 591, and *Brand* v. *Union Elevated
Railroad Co.* 277 id. 356, both of which were suits for
damages to real estate, this court held that a freehold was
involved and that the appeals were properly prosecuted di-
rectly to this court, but in neither of those cases was the
rule departed from. The declaration in each of those cases
contained the necessary averment of ownership of the free-
hold, and pleas specifically denying ownership in the plain-
tiff were filed in both cases. In the former case the court
said: "In this case, by filing its plea denying appellee's title
the freehold was directly put in issue, and a decision of the
case necessarily involved a decision of that issue." The
jurisdiction of this court in the latter case was sustained

on the holding in the former case. In the instant case no such issue was raised by the pleadings and no question of freehold was involved in the trial court and is not involved in this appeal. The appeal should therefore have been taken to the Appellate Court.

The cause is transferred to the Appellate Court for the First District, and the clerk of this court is ordered to transmit the record to that court.      *Cause transferred.*