**Samuel Hasterlick, Appellee, v. Lillian Hasterlick, individually and as guardian of Theresa M. Hasterlick, Appellant.**

## Gen. No. 28,761.

APPEAL AND ERROR—*when appeal from partition decree involves freehold.* An appeal from a decree for complainant in a partition proceeding on the ground that certain minors, who are parties defendant, have substantial interests in the premises and that it is contrary to their interests to partition the property and therefore that the partition should not have been granted involves the disposition of a freehold estate and should be transferred to the Supreme Court.

Appeal by defendant from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding. Heard in the third division of this court for first district at the October term, 1923. Transferred to Supreme Court. Opinion filed October 30, 1924.

LEWIS F. JACOBSON, ROY C. MERRICK and CAMERON LATTER, for appellant.

ALFRED BECK, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

This is an appeal from a decree for partition of certain real property. The complainant, Samuel Hasterlick, and one Ignatz Hasterlick (the husband of the defendant Lillian Hasterlick) purchased the property in question in 1908 for $34,000, and subsequently improved it. Each was seized of an individual one-half interest in the property in fee simple. Ignatz Hasterlick died in 1921, leaving surviving him his widow, Lillian Hasterlick, and three minor children. The widow was appointed guardian for the children. By his will the deceased devised all his property, including his individual one-half interest in the property in question, to the defendant Lillian Hasterlick, and certain others as trustees, for uses and purposes set forth in the will. The trustees were directed to pay a fixed part of the income to the widow and to hold the principal of the estate and certain accumulations of income until her death, at which time the estate was to be divided among the testator's children or their issue, with remainders over to the testator's brothers and sisters and their heirs, in the event of the death of all the testator's children and their issue, before the death of the testator's widow. The latter renounced under the will and elected to take her statutory interest.

The bill for partition filed by Samuel H. Hasterlick alleged that he was the owner in fee of an undivided one-half interest in the property and that the title to the other one-half interest was in the trustees under the will of Ignatz Hasterlick, and prayed for partition of the property.

The decree of the circuit court found the respective interests of the various parties in the title to the property as they have been set forth above and no objection was or is here raised by the defendant to that part of the decree. But objection is made to the further provisions of the decree to the effect that the complainant is entitled to partition of the premises, as prayed in his bill.

It is the defendant's contention that the minors, who are parties defendant, have a substantial interest in the premises and that it is contrary to their interests to partition the property, and that, therefore, no partition should have been decreed.

The complainant urges that the appeal involves a freehold and that, therefore, the appeal should be dismissed or that it should be transferred to the Supreme Court. It is our opinion that this point is well taken. It is true, as the defendant contends, that if a freehold is not involved in the assignments of error, or in the appeal, the appeal should be to this court and not to the Supreme Court, although a freehold may have been involved in the original decree entered in the trial court. *McCarthy v. McCarthy*, 282 Ill. 488. In the case cited, the appeal to the Supreme Court questioned merely the matter of parties and also of solicitor's fees, and the court held a freehold was not involved and transferred the cause to this court. To the same effect are *Fields v. Coker*, 161 Ill. 186; *Hutchinson v. Spoehr*, 221 Ill. 312; *Miller v. Kensil*, 223 Ill. 201; *Lewis v. Lewis*, 237 Ill. 416; *Martin v. Small*, 254 Ill. 128; *Schneider v. McDonald*, 255 Ill. 41; and *Dicus v. Fuchs*, 303 Ill. 489. These decisions hold that if an appeal involves "other questions than a freehold," such as an accounting or the question of liens or solicitor's fees or parties, the appeal should be to this court; that if the appeal relates only to such questions "and not to the ownership of a freehold" the Appellate Court has jurisdiction of an appeal. Another case

holds that a freehold is involved and the appeal should
be to the Supreme Court, ''only in cases where either
the necessary result of the judgment or decree is that
one party gains and the other looses a freehold estate,
or where the title is so put in issue by the pleadings
that the decision of the case necessarily involves a
decision of such issue.'' *Malaer v. Hudgens,* 130 Ill.
225. That is very inclusive language, but the appeal
in that case did not involve the question of whether
the trial court had erred in the matter of awarding
partition, which is the question presented in the case
at bar.

It is our opinion that an appeal involves a free-
hold, not only where it relates to the ownership of the
freehold or questions the action of the trial court in
determining the estates of the parties in the land,
but also where the appellant complains of ''the dis-
position of the freehold'' by the trial court, as the
Supreme Court puts it in *Lewis v. Lewis,* 237 Ill. 416.
We are further of the opinion that ''the disposition
of the freehold'' by the trial court is involved in the
appeal where the contention is made that the trial
court erred in awarding partition, but that the hold-
ing should have been that the complainant was not
entitled to partition, although the interests of the re-
spective parties in the title is not in question. Such
was the decision of this court in *Ames v. Ames,* 44 Ill.
App. 576, affirmed by the Supreme Court in 148 Ill.
321, following *Bangs v. Brown,* 110 Ill. 96.

Admittedly, a freehold is involved in any appeal
which calls in question the manner of distribution, or
the proportions of the freehold awarded to the re-
spective parties by the decree of the trial court. It
would seem clearly to be equally true that a freehold
is also involved in any appeal questioning the proposi-
tion of whether the trial court should have decreed
any distribution of the freehold at all. The *Ames*
case involved the precise questions presented here,

namely, whether the partition, if granted, would result beneficially to certain minor owners, and whether the trial court had properly determined that question and decreed partition accordingly.

For the reasons stated, the appeal of the defendant is transferred to the Supreme Court of this State.

*Appeal transferred to Supreme Court.*

O'CONNOR, P. J., and TAYLOR, J., concur.