The Coal Creek Drainage and Levee District, Appellee, *vs.* The Sanitary District of Chicago, Appellant.

*Opinion filed December 21, 1927—Rehearing denied Feb. 9, 1928.*

1. Appeals and errors—*freehold must be involved in assignment of errors.* It is not from every judgment or decree in cases in which a freehold is involved in the circuit court that an appeal will lie directly to the Supreme Court, and if a freehold is involved in the original judgment or decree but not in the point assigned for error the appeal should be taken to the Appellate Court.

2. Same—*jurisdiction cannot be conferred on Supreme Court by improper assignment of error.* Jurisdiction cannot be conferred upon the Supreme Court by an erroneous statement in an assignment of error that the court erred in making some ruling which the record shows the court did not make, nor can jurisdiction be conferred by an assignment of error raising a question which the party making the assignment has waived.

3. Trespass—*plea of ownership does not necessarily give the Supreme Court jurisdiction of appeal.* In an action of trespass on the case for damages to land, the fact that a plea of *liberum tenementum* is pleaded does not, of itself, confer jurisdiction on the Supreme Court of an appeal from a judgment where no evidence is offered by the defendant on the plea and there is no assignment of error involving the ownership.

4. Same—*when freehold is not involved in action against sanitary district for damages to land.* Although the plaintiff's declaration in an action on the case against a sanitary district for damages to land contains the material allegation that the plaintiff is the owner, yet where such allegation is further qualified by the explanation that the plaintiff is owner of a perpetual easement, the fact that the defendant files a plea denying that the plaintiff is owner does not authorize a direct appeal to the Supreme Court on the ground that a freehold is involved where there is no assignment of error questioning the plaintiff's right to possession under the perpetual easement but the assignments of error and the defenses urged on the trial are based on entirely different grounds. (*Jones* v. *Sanitary District,* 252 Ill. 591, distinguished.)

5. Same—*plaintiff need not prove ownership of premises damaged.* Since actual possession of land is sufficient to maintain an

action for disturbing an easement appurtenant thereto a plaintiff is under no obligation to set out the quantum of interest which he has in the land, and although seizin and possession are both alleged it is sufficient if possession, only, is proved.

APPEAL from the Circuit Court of Schuyler county; the Hon. FRED G. WOLFE, Judge, presiding.

MACLAY HOYNE, JOHN W. BECKWITH, and W. H. DIETERICH, for appellant.

THOMAS E. BOTTENBERG, and BARNES, MAGOON & HORTON, for appellee.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Appellee, the Coal Creek Drainage and Levee District, a corporation organized under the Levee act, brought in the circuit court of Schuyler county an action of trespass on the case against appellant, the Sanitary District of Chicago, to recover damages for injuries to the levees, ditches, pumping plant and other works of appellee, alleged to have been sustained by reason of appellant causing the same to be illegally flooded and for money which appellee was obliged to expend by reason of alleged wrongful acts of appellant. After considerable pleading, issues were joined and a jury trial had, resulting in a verdict in favor of appellee for $98,089.62 damages. Motions for a new trial and in arrest of judgment were overruled and judgment rendered on the verdict for appellee, against appellant, for $98,089.62 damages and costs of suit, including as a part of the costs $20,000 for attorneys' fees, with the proviso that $5000 was to be remitted in case no appeal was taken. From this judgment an appeal has been taken to this court.

The first question to be determined is whether or not a freehold is so involved in this appeal as to give this court jurisdiction on that ground. It is not from every judg-

ment or decree in cases in which a freehold is involved in the circuit court that an appeal will lie directly to this court. In *Lewis* v. *Lewis,* 237 Ill. 416, it is said: "The questions involved in this court are determined by the assignment of error on the record." Jurisdiction, however, cannot be conferred upon this court by an erroneous statement in an assignment of error that the court erred in making some ruling which the record shows the court did not make; nor can jurisdiction be conferred upon this court by an assignment of error raising a question which the record shows the party making such assignment has waived the right to make by his conduct prior to making the assignment. (*People* v. *Powers,* 283 Ill. 438; *People* v. *Reed,* 287 id. 606; *People* v. *Akers,* 327 id. 137.) If a freehold is involved in the original judgment or decree but not in the point assigned for error the appeal should be taken to the Appellate Court. (*Hajicek* v. *Goldsby,* 309 Ill. 372; *Schmidt* v. *Schmidt,* 277 id. 191; *Lewis* v. *Lewis, supra; Crowley* v. *McCambridge,* 237 Ill. 222; *Miller* v. *Kensil,* 223 id. 201; *Douglas Park Building Ass'n* v. *Roberts,* 218 id. 454; *Prouty* v. *Moss,* 188 id. 84; *City of Roodhouse* v. *Briggs,* 194 id. 435; *Rhodes* v. *Rhodes,* 172 id. 187; *Fread* v. *Fread,* 165 id. 228; *Fields* v. *Coker,* 161 id. 186; *Franklin* v. *Loan and Investment Co.* 152 id. 345.) The mere fact that an appeal is from a judgment in a suit brought against the sanitary district for damages to land, even though one of the material allegations of the declaration is that the plaintiff is the owner of the land, is not, of itself, sufficient to confer jurisdiction of the appeal on this court. (*Kuhne* v. *Sanitary District,* 285 Ill. 129.) Even where, in a suit for damages to land, a plea of *liberum tenementum* is pleaded, this fact does not, of itself, confer jurisdiction of an appeal from a judgment, where no evidence is offered by the defendant on that plea and there is no assignment of error involving the ownership. *Douglas Park Building Ass'n* v. *Roberts, supra; Tomhave* v. *Vortman,* 274 Ill. 28.

This case differs from *Jones* v. *Sanitary District,* 252 Ill. 591. In that case the plaintiff alleged in the declaration that he owned the land in question at the time of the alleged trespasses. The defendant filed a plea denying that at the beginning of the suit and during the time of the commission of the alleged offenses the plaintiff was the owner of the land. On the trial, evidence was heard upon this issue and instructions were tendered by both sides on the subject of the plaintiff's ownership of the land, and the question as to the right of freehold was preserved for review on appeal by proper assignment of error. The suit was for damages to real estate, and its ownership was a material question in the litigation. In the instant case, while appellee in its declaration stated that it was the owner and in lawful possession of the premises, its declaration also stated facts enlarging and explaining such allegation, which showed that it was not the owner of the fee in the land, but was the owner of a perpetual easement but the fee was in some other party. (*West Skokie Drainage District* v. *Dawson,* 243 Ill. 175; *Fountain Creek Drainage District* v. *Smith,* 265 id. 138.) Under its declaration it was not necessary for appellee, in order to maintain its action, to prove it was the owner of the premises. Since actual possession of land is sufficient to maintain an action for disturbing an easement appurtenant thereto, a plaintiff is under no obligation to set out the quantum of interest which he has in the land. If seizin and possession are both alleged but possession only is proved, it is sufficient. *Pierce* v. *McClenaghan,* 5 Rich. L. 178; *Ferguson* v. *Witsell,* 5 id. 280; 9 R. C. L. 818.

In the determination of a suit for damages for disturbance of an easement appurtenant to land a freehold is not necessarily involved. While appellant filed a plea denying that appellee was the owner and in the lawful possession of the premises, this plea was bad, as, while it purported to be a plea in bar of the whole action, it did not meet the

entire case stated in the declaration, and so far as it did meet the declaration it amounted to nothing more than the general issue. While in this case, more than three months after the filing of the record in this court, appellant, by leave of court, filed an additional assignment of error that the court erred in refusing to instruct the jury, at the close of all the evidence, to find the defendant not guilty on the ground that the plaintiff had not proven title to the land, the motion shown by the record does not assign such ground for the giving of the motion. The title to the land over which appellee's right of easement existed was in nowise involved in the pleadings in this case and no action or ruling of the trial court as to such title appears in the record. Appellee in its declaration did not claim to be the owner of the fee in land on which the ditches, levees, etc., were situated, but alleged facts showing its organization as a drainage district, with the incident right of perpetual easement in its right of way and interference with such right by appellant. This right was not controverted by appellant on the trial by the introduction of evidence or by any motion made or instruction proffered, but, on the contrary, was admitted by appellant by evidence introduced in its behalf, by instructions given to the jury and by statements in its brief and argument. Appellant does not by any assignment of error in this court or by its brief and argument question appellee's right to its perpetual easement in the land. Its defenses urged on the trial and the questions raised by assignment of error and in its brief and argument are based on entirely different grounds. In *Zinser* v. *Sanitary District,* 175 Ill. App. 9, a case in which a judgment for damages was affirmed and in which *certiorari* was denied by this court, the Appellate Court for the Second District in a well reasoned opinion held that where an issue of fact is joined on a plea involving a freehold and defendant does not offer any evidence to support it, and does not claim, on appeal, that there was any supporting

evidence, and does not assign any error which raises any question· under the plea, the defense under the plea is a fictitious one, and the Appellate Court is not deprived of jurisdiction by the fact that the fictitious plea was filed.

While a freehold was involved originally, no question involving a freehold is now before this court for determination, and as no other grounds for jurisdiction in this court appear in the record, the cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*