(No. 18457.—Cause transferred.)
GEORGE B. CHRISTIE, Appellee, *vs.* THE SANITARY DISTRICT OF CHICAGO, Appellant.

*Opinion filed June 23, 1928.*

1. FREEHOLD—*general rule as to when freehold is involved.* A freehold is involved where one party gains and another loses a freehold by the decision in the case or when the title to a freehold is so put in issue by the pleadings that a decision of the case necessarily involves a decision of such question.

2. SAME—*when no freehold is involved in action against sanitary district for damages to land.* In an action against the Sanitary District of Chicago for damages to land because of an overflow, although a plea of *liberum tenementum* is filed, no freehold is involved where the defendant presents no evidence in support of the plea, which is apparently a fictitious defense and does not question the plaintiff's proof making a *prima facie* case of ownership; and the defendant waives the right to assign error on any ruling of the trial court on the question of the plaintiff's title where the abstract discloses no ruling was asked on that question. (*Coal Creek Drainage District* v. *Sanitary District*, 328 Ill. 360, followed.)

APPEAL from the Circuit Court of Schuyler county; the Hon. HARRY HIGBEE, Judge, presiding.

MACLAY HOYNE, JOHN W. BECKWITH, and W. H. DIETERICH, for appellant.

THOMAS E. BOTTENBERG, and BARNES, MAGOON & HORTON, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

In September, 1923, appellee began a suit in the circuit court of Schuyler county against appellant, the Sanitary District of Chicago, to recover damages for injuries to approximately 2000 acres of land located within the Coal Creek Drainage and Levee District, in Schuyler county, and adjacent to the Illinois river. The lands were protected from the waters of the river by the dikes and levees of the drainage district, and the injuries complained of were alleged to have been sustained by reason of appellant illegally and willfully causing the lands to be flooded and overflowed in April, 1922. The pleadings in the case were rather extensive, but issues were finally joined and a trial had during the early part of 1927 before a jury, which rendered a verdict in favor of appellee for damages in amount of $108,750. Motions for a new trial and in arrest of judgment were denied by the court and judgment was entered upon the verdict in favor of appellee in amount of $108,750 damages, with interest thereon in amount of $1178.12 and costs of suit, including $10,000 allowed to appellee as attorney's fees. From that judgment the sanitary district has prosecuted an appeal to this court.

No constitutional question or franchise is presented by this record and there is no other question present giving this court jurisdiction of the appeal unless a freehold is involved. The rule is that a freehold is involved when one party gains and another loses a freehold by the decision in the case, or when the title to a freehold is so put in issue by the pleadings that a decision of the case necessarily involves a decision of such question. The declaration on which the case was tried consisted of three counts,—a short trespass count and two additional counts,—and there were allegations therein that appellee was possessed of and the owner of the lands described and alleged to have been damaged by appellant. There appears to be some controversy as to

whether demurrer to one count was ever disposed of by the court. However, numerous pleas were later filed by appellant, among which were the general issue, Statute of Limitations, and one denying ownership of the lands by appellee. A plea of *liberum tenementum* appears to have been filed by appellant earlier in the proceedings and a demurrer thereto confessed. The plea of appellant denying ownership and possession of the lands by appellee made an issue as to the ownership of the freehold. On the trial appellee introduced evidence showing he and one Lowe had been in possession of, claimed ownership of and paid all taxes and special assessments upon the lands from 1895 to 1913; that Lowe and his wife executed and delivered, during August, 1913, a quit-claim deed for their interest in the property to appellee, which deed was introduced in evidence; that possession was then taken by appellee as the sole owner of the lands, and he has since retained possession and ownership thereof, has paid all taxes and special assessments thereon, has constructed many miles of fence, laid forty-one miles of tile and built nine sets of buildings upon the lands; that he has since rented and used the lands without interference from anyone. Appellee clearly established a *prima facie* case of ownership in the lands. This proof was not questioned in any way by appellant nor did it offer any evidence to the contrary. The plea denying ownership was apparently a fictitious defense, which appellant never sought to sustain, and it having presented no evidence under the plea, that defense must be held to have been abandoned. *Tomhave* v. *Vortman,* 274 Ill. 28; *Coal Creek Drainage District* v. *Sanitary District,* 328 id. 360.

At the conclusion of appellee's evidence, and again at the conclusion of all the evidence in the case, appellant made a motion to instruct the jury to find it not guilty. The abstract shows no reasons were assigned in either motion by appellant for a directed verdict. Appellant assigns error in this court that the trial court erred in not grant-

ing the motions just referred to, because appellee failed to prove title to the property alleged to have been injured. However, there is nothing to show that the motions were based upon that ground. The instructions tendered to direct a verdict could not have been properly given by the court if there was any evidence fairly tending to sustain the allegations of the declaration.

This case in many particulars is quite similar to *Coal Creek Drainage District* v. *Sanitary District, supra,* wherein the case of *Jones* v. *Sanitary District,* 252 Ill. 591, which is relied upon by appellant as to there being a freehold here involved, is explained and distinguished. The *Coal Creek Drainage District case* was transferred to the Appellate Court because this court had no jurisdiction of the appeal. The court there said: "Jurisdiction, however, cannot be conferred upon this court by an erroneous statement in an assignment of error that the court erred in making some ruling which the record shows the court did not make; nor can jurisdiction be conferred upon this court by an assignment of error raising a question which the record shows the party making such assignment has waived the right to make by his conduct prior to making the assignment." The opinion in that case also states: "The mere fact that an appeal is from a judgment in a suit brought against the sanitary district for damages to land, even though one of the material allegations of the declaration is that the plaintiff is the owner of the land, is not, of itself, sufficient to confer jurisdiction of the appeal on this court. (*Kuhne* v. *Sanitary District,* 285 Ill. 129.) Even where, in a suit for damages to land, a plea of *liberum tenementum* is pleaded, this fact does not, of itself, confer jurisdiction of an appeal from a judgment, where no evidence is offered by the defendant on that plea and there is no assignment of error involving the ownership." Appellant offered no evidence disputing appellee's proof of title and thereby abandoned its plea denying ownership of the lands. It also waived the

330—36

right to assign error on any ruling of the trial court upon the question of appellee's title where the abstract discloses no ruling was asked for or made by the court upon that question. The opinion in the case of *Zinser* v. *Sanitary District,* 175 Ill. App. 9, is a well considered and an instructive one upon the question of jurisdiction.

We are of opinion no question concerning the ownership of the lands was preserved for review, and there being no issue involved whereof this court has jurisdiction, the cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*