(No. 21127. )

THE EDGAR COUNTY BUILDING AND LOAN ASSOCIATION, Appellant, vs. CARL CALVIN et al. Appellees.

*Opinion filed February 19, 1932.*

F. C. VANSELLAR, (RILEY MCCLAIN, of counsel,) for appellant.

O'HAIR & MCCLAIN, for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Edgar county dismissing a bill of appellant to foreclose a first real estate mortgage executed by Carl and Ella Mae Calvin. The facts as averred in the bill and shown by the stipulation filed are, that on April 3, 1924, Carl and Ella Mae Calvin, as owners of the property involved, executed a mortgage to the appellant building and loan association in the sum of $800; that on July 7, 1928, the Calvins being in default on payments to appellant, in order to prevent the expense of a foreclosure proceeding by complainant against

them, on that date conveyed the premises to appellant by warranty deed, which was duly executed, delivered and recorded, and appellant thereby received the fee simple title to the premises and entered into possession thereof. The stipulation further shows that at the time of the execution and delivery of this warranty deed the Calvins were wholly insolvent. It was further stipulated that the premises, at the time of the execution of this deed, were not of a value to exceed $800. The stipulation further shows that after the execution and delivery of the deed to appellant the latter entered into a contract of sale of the premises to one Francis Ketner and wife and delivered possession of the premises to them, but that the latter defaulted in the agreement and later delivered possession of the premises to appellant. The stipulation further shows that the Calvins on the 19th day of May, 1925, executed and delivered to Frank T. O'Hair, as trustee, their notes and trust deed in the sum of $266.21, which at the time of the execution of the warranty deed to appellant were not released but were in full force. The bill in this case was filed on the 15th day of May, 1930, by which, as we have seen, it was sought to foreclose appellant's mortgage. O'Hair, trustee, was made a party as holder of the second trust deed. He filed an answer, alleging that there was a merger by the mortgage and the warranty deed upon the execution and delivery of the latter; that the deed was in full satisfaction of the debt and the debt should be canceled, and that the title of the loan association is subject to the trust deed for $266.21. The answer prayed that the bill be dismissed. The chancellor, on hearing and presentation of the stipulation as to the facts, entered a decree dismissing the bill for want of equity, and appellant appealed to this court.

It is the contention of appellant that the execution and delivery of the warranty deed having taken place in order to save cost of foreclosure and avoid further expense, such transaction did not result in a merger of the mortgage lien

and the equity of redemption into a fee simple title and did not render the trust deed of O'Hair, trustee, a prior lien. The appellee trustee's contention is, that by accepting the deed from the mortgagors and later entering into a contract for sale of the premises to the Ketners and delivering possession of the premises to them the interest of appellant as mortgagee became merged in a fee simple title, the mortgage became satisfied, and appellant now holds legal title subject to the lien of appellees' trust deed.

Appellant's bill was to foreclose its mortgage. The bill was dismissed for want of equity, and the first question arising is whether this court has jurisdiction of this appeal—that is, whether a freehold is involved. The prayer of the bill is that the mortgage of the Calvins to appellant be foreclosed. Appellee O'Hair, trustee, sought to have his trust deed decreed a first lien on the premises, and alleged that by reason of the deed of the Calvins to appellant the title to the premises merged in appellant, subject to the trust deed, as a first lien. The question on the pleadings therefore is whether appellant's mortgage still exists as a lien or whether it has been extinguished by the transfer. If the decree be affirmed, O'Hair's trust deed constitutes a first lien on the real estate and may be discharged by paying the amount due. If, on the other hand, appellant is decreed the relief it seeks, the result will be that appellant's mortgage will be decreed to be a first lien superior to the trust deed of appellee. These questions do not involve a freehold. *Martin* v. *Small,* 254 Ill. 128; *Wachsmuth* v. *Penn Life Ins. Co.* 231 id. 29; *Richardson* v. *Hockenhull,* 85 id. 124.

This court is without jurisdiction of this appeal, and the cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*